JERUSHA B. WYMAN & others *vs.* HANNAH W. SYMMES.

The executor named in a will is a competent subscribing witness thereto, and may testify in support thereof, under the statutes of this commonwealth, although he has not declined the trust.

APPEAL from a decree of the judge of probate, admitting to probate an instrument purporting to be the will of Joseph Wyman. There were three subscribing witnesses to the will, one of whom was also one of the executors named therein, and had not declined the trust. The questions whether he was a competent subscribing witness, and if so whether he would be admissible to testify in support of the will at the trial, were reserved by *Gray,* J. for the determination of the whole court.

*J. P. Converse,* for the appellant.

*J. G. Abbott & W. E. Parmenter,* for the appellees.

GRAY, J. It was long ago decided by this court that an executor named in the will had no such interest in the estate as to make him incompetent to be an attesting witness to the will. *Sears* v. *Dillingham,* 12 Mass. 358. Like decisions have been made in other states. Redfield on Wills, 258, and cases cited. *Richardson* v. *Richardson,* 35 Verm. 238. *Jones* v. *Larrabee,* 47 Maine, 474. Indeed the objection to the competency of the executor as an attesting witness was not much pressed at the argument. And we have no doubt that this will was duly attested.

But the heirs at law contend that the executor, not having declined his trust, is not a competent witness to testify in support of the will at the trial of the issues raised on its being offered for probate.

The decision of this question depends upon the true construction of the recent statutes of the Commonwealth. Before the passage of those statutes, the executor, being directly interested in the costs of the proceedings for the probate of the will, was held to be incompetent to testify at the hearing. *Sears* v. *Dillingham,* above cited.

The rule of the common law, by which interested witnesses were disqualified from testifying has been abrogated in this

commonwealth by providing, first, that no person should be excluded by reason of interest from testifying in any cause, and afterwards that parties in all civil actions, including probate proceedings, should be admitted as competent witnesses for themselves or any other party. But these statutes expressly declare that these provisions " shall not apply to the attesting witnesses to a will or codicil." *Sts.* 1851, *c.* 233, § 97 ; 1852, *c.* 312, § 60 ; 1857, *c.* 305, §§ 1, 3. Gen. Sts. *c.* 131, §§ 13–15. The question therefore is of the meaning of this saving clause.

The argument for the appellants is, that the provisions removing the disqualification of witnesses as interested or parties relate to their capacity to testify in court, and that the limitation that these provisions " shall not apply to the attesting witnesses to a will or codicil " creates an exception to the rule thus established, takes such witnesses entirely out of the operation of these provisions, and leaves their competency to testify to be determined by the rules of law previously in force. But the court are of opinion that this rests upon too narrow and literal a construction of the statutes.

These statutes have made a large and radical change in the policy of the law, and manifest the intention of the legislature (except in a few cases governed by peculiar considerations of justice and policy) to submit the degree in which interest may affect a witness to the consideration of the jury, instead of wholly depriving them of the assistance of his testimony. Under these provisions, no one doubts that an executor, or even a devisee or legatee, whatever the extent of his interest in establishing the will, if not one of the attesting witnesses, would be a competent witness in its support ; or that an heir at law or personal representative of the deceased, however much interested to defeat the will, would be a competent witness against it. It is not easy to perceive any reason why the possibility of being obliged to pay costs should be allowed greater weight than a valuable stake in the property in controversy ; nor why persons competent to attest the will should, for a degree of interest insufficient to exclude any one else, be prevented from testifying to the very facts which it was one object of their attestation to teach

them. The words of the section relied on do not require such an exclusion; but may be more reasonably satisfied by limiting their operation to attesting witnesses as attesting witnesses, and not as testifying witnesses, and holding the words to mean simply that the rule which controls the giving of testimony in court shall not apply to the signing of the attestation of the will.

The provision of the Rev. Sts. *c.* 62, § 6, retained in the Gen. Sts. *c.* 92, § 6, that " if the witnesses are competent at the time of attesting the execution of the will, their subsequent incompetency, from whatever cause it arises, shall not prevent the probate and allowance of the will, if it is otherwise satisfactorily proved," may have its full effect, notwithstanding the change in the law, by applying it to those who, by the death of a person named in the will after its execution and before it takes effect, acquire an interest in the estate as his heirs or representatives.

*Case to stand for trial.*