CATHERINE T. CROWELL *vs.* EMMA F. TUTTLE & others.

Essex. March 12, 1914. — June 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Will*, Disqualification of attesting witness. *Witness*, To will.

Under R. L. c. 135, § 1, which requires that a will should be attested "by three or more competent witnesses," if an instrument presented for proof as a will contains a bequest of $300 to a church on the condition that it be "applied to the reduction of the present mortgage on the property of said church," a person who is one of the guarantors of the mortgage note given by the church is not a competent witness to the will, although the amount due on the note is small and is exceeded greatly by the value of the mortgaged property.

APPEAL from a decree of the Probate Court for the County of Essex allowing a certain instrument as the last will of Charles Rodrick, late of Swampscott.

The appeal was heard by *De Courcy*, J. The justice found that the instrument presented for proof was executed by Rodrick as his last will on August 7, 1912, in the presence of three attesting witnesses, Albert H. Barrows, Loring Grimes, and Frank O. Ellis, that they signed in his presence, that he was of sound and disposing mind and memory and that the execution of the will was not procured by undue influence. The justice found also

the facts which are stated in the opinion. He ruled that by guaranteeing the mortgage note of the Chapel Congregation of the Church of Christ of Swampscott there described Ellis was not rendered incompetent to act as a witness to the will. Accordingly he ordered that a decree be entered allowing the instrument in question as the last will of Charles Rodrick, and remanding the case to the Probate Court for further proceedings. At the request of the parties, the justice reported the case for determination by the full court.

The case was submitted on briefs.

*E. C. Jacobs, E. J. Coughlin & R. W. Currier,* for the petitioner.

*S. H. Hollis & G. K. Hudson,* for the respondents.

HAMMOND, J. At the time Ellis signed his name as an attesting witness he was a guarantor on the outstanding note named in the bequest to the church; and one of the questions is whether by reason of this fact he was rendered incompetent to be such a witness.

By the fifth item of the will the sum of $300 was bequeathed to the church corporation "on the express condition" that it be "applied to the reduction of the present mortgage on the property of said church." This mortgage was given by the corporation to secure the payment of a promissory note dated January 30, 1889, wherein the corporation promised to pay to the order of the Lynn Institution for Savings the sum of $4,500 in one year from date, "with interest payable semi-annually . . . at the rate of five per centum per annum during said term and for such further term as said principal sum or any part thereof remains unpaid." Upon the back of this note appears a writing under seal of even date with the note, whereby six persons, of whom Ellis is one, jointly and severally "guarantee the payment of the within note and interest thereon to the [payee] and its assigns, hereby expressly waiving all demand and notice." The interest on this note has been regularly paid, and from time to time partial payments have been made upon the principal, so that at the time the will was executed it had been reduced to $500. The note was a promise to pay a certain sum "in one year from date," and interest so long as any part of the principal should remain unpaid. As to interest at least, it was a continuing promise. The guaranty was as broad as the note.

It is urged, however, by the petitioner that since the mortgaged estate was worth much more than the amount due on the note Ellis was not interested in its payment. But the holder could look solely to the note, nevertheless, and collect of the guarantors without reference to the value of the estate. The liability of the guarantors remained the same. It is also urged by the petitioner that the guarantors had a perfect defense in the statute of limitations. But this position is untenable. The guarantors are liable to pay the interest which may arise in the future.

It is plain, therefore, that at the time of the execution of the will Ellis had a direct pecuniary interest in the subject matter of this bequest. This interest was small, but as was said by Wilde, J., in *Hawes* v. *Humphrey,* 9 Pick. 350, 356, "such an interest, however minute, will disqualify a witness." See also the authorities cited in 3 Dane Abr. c. 90, art. 4.

Although many changes have been made by our statutes in the rules of the common law as to the competency of witnesses, no statute has been passed which allows a person having a direct, private, pecuniary interest in a legacy such as Ellis here had, to be a competent witness to the execution of a will. See, as bearing generally upon this branch of our law, in addition to the authorities hereinbefore cited, Sts. 1783, c. 24; 1792, c. 32; Rev. Sts. c. 94, § 54; St. 1852, c. 312, § 60; and the subsequent codifying statutes, including R. L. c. 175, §§ 20, 21; *Hawes* v. *Humphrey,* 9 Pick. 350; *Haven* v. *Hilliard,* 23 Pick. 10, and cases there cited; *Sullivan* v. *Sullivan,* 106 Mass. 474; *O'Connell* v. *Dow,* 182 Mass. 541.

It follows that the ruling that Ellis was a competent witness was erroneous. It becomes unnecessary to consider the other questions raised by the report. The decree admitting the will to probate should be reversed, and the case remanded to the Probate Court; and it is –

<div align="right">

*So ordered.*