## VICTOR PETERSON v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

December 3, 1915.

Nos. 19,483—(124).

**Finding — evidence.**

1. The evidence was sufficient to justify a finding that the injury which the plaintiff sustained came from a fragment of steel chipped from a maul used by the plaintiff and his coworkers.

**Trial — failure to offer tool in evidence.**

2. The court committed no prejudicial error in calling attention to the fact that the mauls in use at the time, which were marked by the defendant, were not produced in court.

**Proximate cause — proof.**

3. It is not necessary for the defendant, who claims that the injury was caused by something independent of the cause alleged by the plaintiff, to plead the cause of it; but in this case, where the suggestion was that the plaintiff was injured through a stray bullet coming from guns used by boys in the vicinity, the chance of such injury being theoretically possible but infinitely remote and exceedingly improbable, and the suggested evidence indefinite, the court did not err in refusing proof relative to occasional shooting in the vicinity, though the reason given for the ruling was wrong.

Action in the district court for Ramsey county to recover $15,000 for personal injury received while in the employ of defendant. The answer alleged that the physical conditions surrounding the work done by plaintiff at the time of the accident were patent and observable, well known to plaintiff, and he knew, understood and appreciated the risk of being injured in the manner in which the accident occurred. The case was tried before Kelly, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,- 000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 154 N. W. 1093.

*Barrows, Stewart & Ordway,* for appellant.
*Drill & Drill,* for respondent.

DIBELL, C.

Action to recover for personal injuries sustained by the plaintiff while in the employ of defendant; there was a verdict for the plaintiff; defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

It is not claimed that the evidence was insufficient to justify a finding of negligence on the part of the defendant. The defendant claims that the evidence is insufficient to justify a finding that such negligence was the proximate cause of the injury that came to the plaintiff. Two errors of law at the trial are claimed.

1. The plaintiff with others was working in the yards of the defendant below Dayton's Bluff spiking ties. The plaintiff had his pinch-bar and block, and was holding the tie up to the rail by using the block as a fulcrum, putting one end of his pinch-bar underneath the tie, and sitting towards the other end. The men were at work on the south rail of the track, and were spiking from the south side of the south rail, and the plaintiff was sitting with his right side toward the rail and his face city-wards. Just as a blow was made of one maul against another the plaintiff received an injury. He made the remark: "Hold on, I believe I am shot." He said he thought there was a bullet come from the woods. The wound was a small perforation below the right shoulder blade, the foreign substance entering the lungs. There was evidence that a piece was chipped off the maul when it was examined after the accident. This was met by a denial to the effect that the mauls were in good condition. They were marked but were not produced at the trial.

The serious contention of the defendant is that the evidence does not show that the injury to the plaintiff came from anything in connection with the mauls. The precise contention is that it was physically impossible. This claim of a demonstration of physical impossibility comes largely through the position of the plaintiff relative to the mauls as they came together. We are unable to say that there was a physical impossibility of the accident occurring in the way claimed. The precise situation of the parties of necessity is not absolutely certain. The plaintiff

was on the pinch-bar. He was not rigid. Any number of movements made by him as he sat there could easily put various parts of his shoulders or back in the way of chips coming from the mauls. It is of course impossible to show just how the missile hit the precise point. It was a fair inference of the jury that it did. The difficulty of physically demonstrating the impossibility of the injury coming from the cause alleged is that the facts necessary to determine it are not fixed. The jury were justified in their finding.

2. In the course of its charge the court, in remarking upon the facts of the case, referred to the mauls, and the fact that they had been marked, and were not in court. The fact that the mauls were not in court was a proper matter for consideration by the jury; and upon request made the court might have charged in reference thereto. The defendant had undertaken to explain in its evidence why the mauls were not there. We are unable to see that the criticism upon the charge, voluntarily made by the trial court, is substantial. It was not made, so far as we gather, as a disparaging remark. See Horton v. Williams, 21 Minn. 187; 3 Dunnell, Minn. Dig. § 9776.

3. The defendant asked a witness whether at any time near, and in the vicinity of the accident, he had heard rifle or gun shots. This particular witness was at the time of the accident a long way from the vicinity. Objection was made, and it was sustained, upon the ground that the defense to which the question was directed was not pleaded. Of course it is not necessary that a defendant plead facts which show that an injury comes from a cause different from that claimed by the plaintiff. It is for the plaintiff to prove cause and effect. Any evidence tending to overcome the plaintiff's theory is competent. The defendant made an offer to prove that boys were shooting 22 caliber rifles in that locality. The offer was very indefinite. The whole matter does not seem to have been thought of so seriously then as now. The last ruling upon the offer sustained the objection "for the present;" and reference was not made to it again. We do not mean to say that there may not be a case where a line of defense is interposed, and objection to it is erroneously sustained upon the ground that it is not pleaded, when it is unnecessary to make a formal offer of proof. The usual purpose of an offer is to apprise the court of the materiality of the evidence. It may be that there was a

theoretical possibility of an injury to this man through a stray bullet, but it was so infinitely remote and improbable and the condition of the record is such that we are not justified in concluding that there was error in sustaining the objection.

Order affirmed.