RONALD J. MacLEOD AND ANOTHER, COPARTNERS AS MacLEOD & SMITH v. BARTON J. PAYNE SUBSTITUTED FOR THE DULUTH & IRON RANGE RAILROAD COMPANY AND ANOTHER.[1]

May 6, 1921.

No. 22,190.

**Railway — accident at crossing — charge to jury.**

*Held*: (1) There was no error in refusing to give plaintiffs' requests to the jury, separately, and in including in the general charge all the points covered by them.

[1]Reported in 182 N. W. 718.

(2) In submitting to the jury the question whether the absence of a flagman, gates or a gong at a particular grade crossing, constituted negligence on defendant's part, in the absence of any express provision requiring either. of them, it is not prejudicial to defendant for the court to state the absence of express law on the subject. [Reporter.]

Action in the district court for St. Louis county to recover $4,800 damages to plaintiffs' motor truck caused by the negligent operation of defendant's passenger train. The answer alleged negligence on the part of the driver of the truck. The case was tried before Dancer, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellants.

*Abbott, MacPherran, Gilbert & Doan,* for respondent.

PER CURIAM.

A collision between plaintiffs' automobile truck and a train of cars belonging to defendant at a grade crossing resulted disastrously to the truck, and plaintiffs brought this action for damages on the ground and claim that the accident was caused by the negligence of defendant. A verdict was returned for defendant, and plaintiffs appealed from an order denying a new trial.

The principal contention in support of the appeal is that the trial court erred in refusing certain of plaintiffs' requested instructions to the jury. We find no error in this respect. The action is in negligence and controlled by the rules and principles applicable to that branch of the law, thoroughly and well understood by the trial judge. The charge to the jury was quite long, yet clear, and fully stated all the rules applicable to the issues presented. The court pursued the course commended in Davidson v. St. Paul, M. & M. Ry. Co. 34 Minn. 51, 24 N. W. 324, refusing all special requests, except as included in the general charge. In this manner all the requests of plaintiffs were covered in what the court gave to the jury as the law of the case. We find nothing of substance omitted, and there was no error in not giving them separately. Woxland v. N. W. Consolidated Milling Co. 113 Minn. 440, 129 N. W. 856; 3 Dunnell, Minn. Dig. § 9778.

Nor do we find error in any other respect. There is no express provision of the law requiring the maintenance of a flagman, gates or a gong at the particular crossing, and none were placed there by defendant. But the court submitted to the jury the question whether their absence, though not required by positive law, constituted negligence on the part of defendant. In this connection the court stated the absence of express law on the subject, and counsel contend that the effect thereof was prejudicial to plaintiffs as a disparaging comment of the court. We are unable to take that view of the

matter. Peterson v. Chicago, B. & Q. R. Co. 131 Minn. 266, 154 N. W. 1093. There was no error in the admission of evidence, showing the character of the crossing and the extent of the traffic thereon. And finding no error the order appealed from will be and is affirmed.