ROCKLAND TRUST COMPANY & another, executors, *vs.* ANNA SOPHIA DICK BIXBY.

Plymouth.    December 11, 1923. — January 11, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Will*, Attestation. *Witness.*

A witness to a will executed in this Commonwealth is not disqualified merely by reason of the fact that he is a stockholder in a trust company which is named in the will as executor.

The competency of a witness to a will is to be determined as of the time of the execution of the instrument.

In order for a witness to a will to be disqualified by reason of interest, his interest in the subject matter of the will must be, as of the time of the execution of the instrument, a present vested interest and not one which is uncertain and contingent.

One, who was a member of a Masonic lodge which, under the provisions of a will, after the death of the testator's wife, was to receive from trustees under the will a certain part of the income of the estate of the decedent and at the expiration of two hundred years was to receive the income of the entire trust fund, was not disqualified by reason of interest from being a witness to the will, his interest being entirely contingent and uncertain and not a direct interest.

PETITION, filed in the Probate Court for the county of Plymouth on March 19, 1923, for the proof of the will of Hans G. Dick, late of Rockland.

Anna Sophia Dick Bixby, one of the next of kin of the decedent, opposed the proof of the will. The petition was

heard by *L. E. Chamberlain,* J. Material facts found by him are described in the opinion. The judge ordered the will to be allowed and reported the case to this court.

*T. H. Buttimer,* for the petitioners.

*G. J. Weller,* for the respondent.

CARROLL, J. The testator, Hans G. Dick, died March 14, 1923. His will, executed on August 26, 1916, was offered for probate. One of the three witnesses to the will was Walter Shuebruk, whose competency was objected to because he was at the time of the execution of the will a stockholder in the Rockland Trust Company, named as one of the executors and trustees, and because he was a member of the Konohassett Lodge of Masons, interested in the trust fund created by the will. The testator's wife, Abbie A. T. Dick, predeceased him.

Certain bequests of household furniture, books and household property were given to his wife in case she survived him; and after the payment of his debts and funeral expenses, the remainder of his estate was left to the trustees named in the will, the income to be paid to his wife during her life, and after her death the trustees were to expend a certain part of the income for the benefit of the Konohassett Lodge and its members, for the benefit of other Masonic lodges, and for public charities and improvements in Cohasset and Scituate. At the expiration of two hundred years the income of the entire fund was to be used for the benefit of the Konohassett Lodge, its members, and the charities and improvements mentioned.

The Rockland Trust Company was not a legatee or devisee under the will. It was merely named as executor and trustee. The witness Shuebruk was not disqualified as a witness to the instrument because he was a stockholder in that company at the time of the execution of the will. As an owner of stock in the trust company he had no direct pecuniary interest in the will such as would render him incompetent as a witness. *Sears* v. *Dillingham,* 12 Mass. 357. *Loring* v. *Park,* 7 Gray, 42. *Wyman* v. *Symmes,* 10 Allen, 153. There is nothing in the case of *Boston Safe Deposit & Trust Co.* v. *Bacon,* 229 Mass. 585, which tends

to support the contention of the respondent that Shuebruk was an incompetent witness because he was the owner of stock in the Rockland Trust Company.

The competency of a witness to a will is to be determined as of the time of the execution of the instrument. *Hawes* v. *Humphrey*, 9 Pick. 350. The interest which disqualifies a witness must be a present vested interest, and not one which is uncertain and contingent. In *Hawes* v. *Humphrey, supra,* the testator gave a life estate to his wife. After her decease the real and personal property were given to trustees for the benefit of the inhabitants of South Boston, one half of the income to be used for the support of the gospel ministry of the Congregational Church in South Boston, and one half of the income for the purpose of supporting public schools in South Boston, in such a way as should best tend to the benefit of its inhabitants. The witnesses of the will were inhabitants of South Boston. It was held that they were not on this ground disqualified. In the course of the opinion it was said at pages 357–358: " where the interest is of a doubtful nature, the objection goes to the credit, and not to the competency of the witness. . . . The interest must be pecuniary. . . . Whatever interest they had, was contingent . . . here the contingency was remote and was not determinable by the death of the testator, a life estate being given to the testator's wife, and the estate to the trustees was not to vest in possession in them until her decease." See *Renwick* v. *Macomber*, 233 Mass. 530.

The witness Shuebruk had no present, direct vested interest in the estate at the time of the attestation of the will. The lodge of which he was a member was not to share in the income until the death of Mrs. Dick, and although she died before the testator, she was alive when the will was made, and the benefit to the lodge was to accrue after her death. His interest was entirely contingent and uncertain. He might not survive the life tenant.

The gift to the Konohassett Lodge of Masons for the purposes named in the will was a public charity. *Masonic Education & Charity Trust* v. *Boston*, 201 Mass. 320. His membership in the organization at the time the will was

made, and his payment of annual dues, did not make him an incompetent witness to the will. Not only was his interest contingent, but it was not such a direct interest as would disqualify him. Whatever benefits he might share if he continued to be a member of the lodge were so indirect that he was not disqualified on this ground. *Hawes* v. *Humphrey, supra. Northampton* v. *Smith,* 11 Met. 390. *Hitchcock* v. *Shaw,* 160 Mass. 140.

*Jacobs* v. *Whitney,* 205 Mass. 477, and *Crowell* v. *Tuttle,* 218 Mass. 445, relied on by the respondent, are not in conflict with the conclusion here reached. In *Crowell* v. *Tuttle* the gift was to a church upon the express condition that it was to be applied to the reduction of the mortgage on the church property. One of the witnesses of the will was one of the guarantors of the note held by the mortgagee. It was decided that his interest, although small, was a direct pecuniary interest in the subject matter of the bequest.

The will was executed in August, 1916. We have not thought it necessary to consider whether St. 1918, c. 257, § 436, G. L. c. 191, § 2, is applicable. This statute provides in effect that a person of sufficient understanding shall be deemed a competent witness to a will, notwithstanding common law disqualification for interest or otherwise; but a legacy or devise to a subscribing witness, or to the husband or wife of such witness, shall be void unless there are three other subscribing witnesses who are not similarly benefited thereunder. See *Swan* v. *Sayles,* 165 Mass. 177. The will should be admitted to probate. A decree is to be entered allowing the will.

*So ordered.*