WILLIAM G. LORD *vs.* JENNIE O. BLACKMER MILLER.

Worcester. September 22, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Trust*, Charitable. *Will*, Attestation. *Witness*, To will.

A will provided that all the residue of the testator's estate should be given to a certain individual in trust "to be expended by him, either income, principal or both for the care comfort, support or assistance of any persons who shall appear to him to be especially in need of assistance, my desire and intention being by this trust to create a Charitable Fund for the relief of any needy cases that may come to the attention of my trustee." The individual so designated also was a witness to the will. *Held*, that

(1) A valid charitable trust was created;

(2) The bequest was not invalid under G. L. c. 191, § 2, because given to one who also was a witness to the will, since he took no beneficial interest therein.

PETITION, filed in the Probate Court for the county of Worcester on February 24, 1931, for appointment of a trustee under the will of Sarah L. B. Cooper, late of Dana.

The petition was heard by *F. H. Chamberlain*, J. Material facts are stated in the opinion. The petition was allowed. The respondent appealed.

The case was submitted on briefs.

*A. J. Young*, for the respondent.

*W. C. Mellish*, *A. W. Mitchell*, & *J. H. Macomber*, for the petitioner.

WAIT, J. By the twenty-third paragraph of her last will, duly admitted to probate in 1930, Sarah L. B. Cooper bequeathed and devised as follows: "To the said William G. Lord I give all the rest and residue of my estate but in trust never the less to be expended by him, either income, principal or both for the care comfort, support or assistance of any persons who shall appear to him to be especially in need of assistance, my desire and intention being by this trust to create a Charitable Fund for the relief of any needy cases that may come to the attention of my trus-

tee." The will nominated Lord as executor and requested that he be exempt from giving surety "upon his official bond in any capacity hereunder." He was one of the three witnesses to the will. In February of 1931, he petitioned for appointment as trustee of the trust created by the twenty-third paragraph. After hearing, the judge of probate made the appointment and reported, as material facts found by him, that the petitioner for appointment was the same William G. Lord who is mentioned in the paragraph and who was a witness to the will. The heir at law appeals; and contends that Lord took a beneficial interest under the paragraph and was also a witness so that under G. L. c. 191, § 2, the gift to him became invalid; and also that no valid trust was created by the paragraph so that the gift fell into a residue undisposed of which should pass to her.

Both contentions are unsound. The twenty-third paragraph of the will created a valid charitable trust. The law is stated in *Kirwin* v. *Attorney General*, 275 Mass. 34, with ample citation of authorities and of cases similar to the one before us. In principle that decision is controlling.

Lord did not take a beneficial interest. He takes simply as a trustee. An executor or a trustee named in a will is a competent witness to the will. Such interest as executor or trustee does not constitute a beneficial interest in the witness invalidating a bequest or devise under the will. *Loring* v. *Park*, 7 Gray, 42. *Wyman* v. *Symmes*, 10 Allen, 153. *Rockland Trust Co.* v. *Bixby*, 247 Mass. 449. *Crowell* v. *Tuttle*, 218 Mass. 445, cited by the appellant, is not in point.

*Decree affirmed.*