In Re BETHKE'S ESTATE

WENDT, Respondent, v. LITTLE, Appellant.

(275 N. W. 74)

(File No. 7959. Opinion filed September 24, 1937)

*Robert D. Jones,* of Milbank, for Appellant.

*Thomas Mani,* of Milbank, and *V. J. Michaelson,* of St. Paul, Minn., for Respondent.

POLLEY, J. What purports to be the last will and testament of Mrs. Ernestine Bethke was filed for probate in the county court of Grant county on the 20th day of November, 1933. The will was executed on the 2d day of June, 1928, and Mrs. Bethke died on the 13th day of November, 1933. William Wendt, a brother of decedent, filed a protest against the admission of said will to probate which protest, so far as this appeal is concerned, is based upon the

grounds that the purported will was a forgery, and that the execution of said will was secured by means of fraud, undue influence, and duress exerted by one Esther Rosenwald Little, one of the devisees named in said will.

The case was tried in the county court, with the result that an order was entered admitting the will to probate. From this order contestant appealed to the circuit court. When the case was brought on for trial, the defendant moved the court to require the plaintiff to elect as to which of the two grounds for his protest he would rely. The motion was made because the two grounds of the protest, to wit, that the will was a forgery and that the execution of the will was procured by fraud and duress, were inconsistent and both grounds could not possibly exist in the same case. This motion was granted and plaintiff elected to rely on the charge that the will was a forgery. The case was then tried on this issue. The case was tried to a jury and a verdict in favor of plaintiff was returned. The court proceeded to make findings of fact and conclusions of law in favor of defendant and entered an order admitting the will to probate. The court then granted a new trial, and from the order granting a new trial the defendant appeals.

In this court the case is submitted on two grounds: First, did the court err in requiring plaintiff to elect upon which cause of action he would rely in the trial? And, second, did the court err in holding that the evidence is insufficient to support the finding that the will was properly executed. witnessed, and published to constitute a good and valid will of the decedent?

If the court erred to plaintiff's prejudice in either of the rulings complained of, the order granting a new trial must be affirmed. Section 3225, Rev. Code 1919, provides the grounds upon which a will may be contested. They are four in number: (1) Competency of the testator to make a will; (2) freedom of the testator from fraud, duress, menace, or undue influence; (3) due execution and attestation by the testator and attestating witnesses; and (4) any other matter affecting the validity of the will. In this case contestant urges the second and third grounds, to wit: That testator did not sign the will, and that her signature to the will was procured by fraud, menace, duress and undue influence.

█ While section 3225 sets out four grounds that may invalidate a will, there is but one cause of action, namely, the invalidity of the will; and but one remedy, the cancellation of the will. The case of Williams v. Selby, 37 N. M. 474, 24 P. (2d) 728, 729, is in effect on all fours with this case. The question involved in that case was the cancellation of deeds sought on the grounds of forgery or fraud. Both grounds could not exist, and defendant moved the court to require the plaintiff to elect which of the two theories pleaded, namely, fraud or forgery plaintiff intended to prove. In disposing of the question the court say: "Appellants misconstrue the doctrine of election of remedies as applicable to the issue. The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of the election, and which are alternative and inconsistent with each other, and not cumulative, so that, after the proper choice of one, the other or others are no longer available. 9 R. C. L. 958. The appellee here was seeking but one remedy, the aid of equity to cancel the two deeds secured by the appellants by fraud or forgery and without consideration. We see no merit in appellants' contention, or error in the refusal of the court to require the appellee to elect which of the alleged facts he intended to prove to justify cancellation, inasmuch as either fraud, misrepresentation, forgery, or want of consideration, coupled with the circumstances surrounding this transaction indicative of either fraud, misrepresentation, or forgery, justified the judgment."

█ The motion was denied by the trial court and the denial thereof was approved by the Supreme Court of that state. In this case, the motion to require the plaintiff to elect was granted. On motion for new trial, the court, being of the opinion that it had erred in granting the motion, was warranted in granting a new trial. Norbeck & Nicholson Co. v. Pease, 21 S. D. 368, 112 N. W. 1136.

The order appealed from is affirmed.

All the Judges concur.