WANKE, Respondent, vs. KREUL, Appellant.

*September 15—October 12, 1937.*

For the appellant there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp*.

For the respondent there was a brief by *J. E. Barnett* of Boscobel and *Carthew & Meyer* of Lancaster, and oral argument by *Mr. Henry E. Carthew* and *Mr. Barnett*.

FRITZ, J. · The evidence received upon the trial resulted in issues of fact which were submitted to a jury for determination, (1) as to whether agreements to marry had been entered into between the parties, (a) in June, 1917, and (b) in June 1935; (2) as to whether the defendant, under and by virtue of a marriage agreement made in June, 1917, seduced the plaintiff and induced her to submit to sexual intercourse; and (3) as to what, (a) compensatory, and (b) punitory damages plaintiff sustained. After deliberating five hours, the jurors informed the court that because they were divided nine to three they had been unable to agree upon answers to the questions as to whether a contract to marry had been entered into in 1917, and whether there had been seduction and intercourse induced by that agreement; but that they had agreed that a contract to marry had been entered into in 1935, and that the compensatory damages were $3,000, and the punitory damages were $2,000. Thereupon the court properly instructed the jurors as to their duty to endeavor to arrive at a complete verdict, and directed them to continue their deliberations. Subsequently they returned, and each juror stated that he could not change his conclusion as to the unanswered questions. The judge then directed them to

insert in the form for the verdict the answers to which at least ten of them had agreed. They did that, and the court received those answers as the verdict, and later entered judgment thereon for plaintiff's recovery of $3,000 as compensatory damages.

Upon this appeal the defendant contends that, because of the jury's failure to agree upon answers as to whether the parties had in 1917 contracted to marry, and whether there had been seduction and intercourse induced by that contract, the verdict was so incomplete that it was error for the court to receive it; and that the jurors' acts in assessing $3,000 as compensatory, and $2,000 as punitory damages, before they had determined whether the parties had contracted in 1917 to marry, and whether there had been seduction and intercourse induced by that contract, were manifestly arbitrary and a mere compromise, and should not have been accepted by the court as the basis for adjudging the recovery of $3,000 as compensatory damages for breach of a contract made in 1935.

The mere reception of the verdict with the questions unanswered as to whether an agreement had been entered into in 1917, and whether there had been seduction and intercourse induced thereby, was not prejudicial to the defendant. As the burden of establishing affirmative answers to those questions was upon the plaintiff, the jury's failure to answer them must be considered tantamount to negative answers thereto. *Hayden v. Carey,* 182 Wis. 530, 196 N. W. 218; *McLimans v. Lancaster,* 63 Wis. 596, 23 N. W. 689; *Baumann v. C. Reiss Coal Co.* 118 Wis. 330, 95 N. W. 139. Consequently, the only contract for the breach of which a judgment for the recovery of damages can be sustained is the contract which the jury found was made in 1935. But the compensatory damages, which the plaintiff is entitled to recover for that breach, can be for only such losses as she sustained, subse-

quent to the making of that contract, as the result of the breach thereof. In her recovery nothing should be included for her damage by reason of the defendant's failure to perform the alleged earlier contract, which nine jurors had agreed had been entered into in 1917, or by reason of the seduction and intercourse which those jurors had agreed had been induced by that earlier contract. However, the record discloses that the assessment of $3,000 as compensatory damages, for the recovery of which the court entered judgment for the plaintiff, was agreed upon by the jurors at a time when nine of them had agreed that a contract to marry was made in 1917, and that seduction and intercourse had been induced thereby, and when those jurors were, therefore, warranted in including,—and probably did include,—in their assessment an allowance for the plaintiff's damage by reason of the defendant's failure to perform that earlier contract, and by reason of the seduction and intercourse induced thereby. Neither in the form for the questions submitted to the jury by the court, nor in its instructions, was there any statement directing the jurors to confine their assessment for breach of the 1935 contract to solely such damages as the plaintiff sustained subsequent to entering into that contract and by reason of the breach thereof; and it is apparent from the record that there was no reconsideration or reassessment by the jurors in relation to damages after the court finally directed them to insert and return the answers, to which at least ten of them had agreed theretofore, as their verdict. Under the circumstances, the assessments, which had theretofore been agreed upon by the jurors, should not have been received as part of a verdict until after they had been at least definitely instructed to reconsider the questions as to damages, and in doing so to confine their assessment to plaintiff's damage by reason of solely the breach of the 1935 contract. It follows that the assessment of compensatory damages in

the verdict should not have been adopted as basis for the amount adjudged as plaintiff's recovery, and that therefore the cause must be remanded for a new trial.

Errors are also assigned on the ground that the court erred in refusing to order a mistrial because of a question which was put to the defendant on cross-examination in such form as to be unduly prejudicial to him; and that the court omitted to give a requested instruction as to the effect of the fact of sexual intercourse as evidence of a promise of marriage. The prompt and positive manner in which the court sustained the defendant's objection to the improper question, and properly instructed the jury to utterly disregard it, leaves no basis for finding that there was any dereliction or abuse of discretion on the part of the court in declining to order a mistrial. Likewise, in view of the somewhat contradictory and unduly argumentative form of the requested instruction, it was properly rejected by the court.

*By the Court.*—Judgment reversed, and cause remanded with directions to order a new trial.