## IN RE ESTATE OF LOUISA DAHN.
## HENRY G. DAHN v. EMIL DAHN AND OTHERS.[1]

June 21, 1940.

No. 32,360.

[1]Reported in 292 N. W. 776.

*Fred A. McGuire* and *Edwin C. Kraus,* for appellant.
*Martin H. Otto* and *Philip L. Scherer,* for respondents.

STONE, JUSTICE.

Will contest wherein both probate and district courts refused admission to probate. Proponent appeals from the order of the district court denying his alternative motion for amended findings or new trial.

It was decided below that there was lack of testamentary capacity and failure of proof that the document was executed by the supposed testatrix. It is enough for us to base decision upon the issue of capacity. Our omission to discuss that of execution carries no implication that the negative decision of that issue is not also based upon adequate evidence.

The date of the proposed will is May 17, 1935. There is evidence by the attending physician, who had long known and treated Louisa Dahn, the supposed testatrix, for a variety of ailments. His opinion was that on and long before the determinative date she lacked testamentary capacity. It is corroborated by similar testimony from lay witnesses. That opinion evidence is based on stated indicia of aberration, doubtless attributable to senile decay. Further discussion of the facts would be futile. It is neither our practice nor our duty uselessly to increase the printed matter for which lawyers must pay. So we refrain from discussion of evidence merely to demonstrate correctness of the decision below. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 414. The inescapable conclusion is that the evidence supports the finding of absence of testamentary capacity.

It is of no aid to appellant that he also had evidence in his favor to show testamentary capacity. It simply made the issue one of fact for decision by the trial court. His decision appears correct. Anyway, buttressed by much competent evidence, it would be highly improper for us to disturb it. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 411.

The brief for appellant, particularly in respect to the assignments of error, was prepared in almost complete disregard of Rule VIII of this court [200 Minn. xxviii]. Notwithstanding that, all the assignments have been examined and found to present nothing of reversible error. So far as the rulings on evidence go, those challenged had to do with matters within the discretion of the trial judge.

Order affirmed.