[1] Reported in 7 N.W.2d 355.
The will of Fred Boese, a resident of Hennepin county, was allowed by the probate court of that county on December 11, 1940, over the written objections of Otto Boese, a brother, respondent *Page 442 
here, (1) that testator lacked testamentary capacity; (2) that the will was executed as the result of undue influence and fraud; and (3) that it was not duly and legally executed. The contestant appealed to the district court and there filed written propositions of law and fact setting forth the same objections to the will as in probate court.
Before trial in the district court, contestant made a motion that the issues of mental capacity and undue influence be submitted to a jury. The motion was denied May 19, 1941, by order of the Honorable Paul S. Carroll, district judge, but "without prejudice * * * to renew said motion before the Trial Court." The case was reached for trial before the Honorable Winfield W. Bardwell on June 9, 1941, at which time contestant moved to amend his propositions of law and fact by adding the allegation "that the signature on said will purporting to be his [decedent's] is a forgery," at the same time making a motion to have this issue submitted to a jury in addition to the issues of testamentary capacity and undue influence. The court allowed the amendment and, after being advised by proponent's counsel that she was not prejudiced and did not desire a continuance, ordered immediate trial of the three issues by a jury.
Three special interrogatories were submitted to the jury in the following form and order and answered as follows:
 "I. IS THE PURPORTED WILL A FORGERY? 6 votes yes (ANSWER YES OR NO) 6 votes no.
 "II. DID THE TESTATOR, AT THE TIME OF THE EXECUTION OF THE WILL, HAVE MENTAL CAPACITY? (ANSWER YES OR NO) No.
 "III. WAS UNDUE INFLUENCE USED WHICH AFFECTED THE EXECUTION OF THE LAST WILL? (ANSWER YES OR NO) [unanswered]."
In its instructions the trial court had carefully outlined the procedure to be adopted by the jury in its deliberations, explaining *Page 443 
that in case interrogatory No. I was answered affirmatively "it would be unnecessary to go any further"; also, if after answering interrogatory No. I in the negative the jury answered interrogatory No. II in the negative, "it would be unnecessary to go any further" to the consideration of the issue of undue influence.
After rendition of the special verdict, the trial court made and filed its findings of fact and conclusions of law reciting the fact of trial, the contents of the verdict, and adopting "the decision of the jury that the testator, Fred Boese, at the time of the execution of the alleged will, which said will the proponent, Mable Langley seeks to uphold, did not have testamentary capacity." As a conclusion of law the court ordered judgment vacating the order of the probate court admitting the will to probate. The appeal here is from an order denying defendant's blended motion for amended findings or a new trial.
1. The proponent, appellant here, asserts error in the order permitting an amendment to contestant's grounds of objection to the will so as to include specifically the objection that the will was forged. She urges that such issue was not presented to the probate court and therefore could not be tried out in the district court on appeal. Clearly, however, the objection made in the probate court that the will "was not duly and legally executed" was broad enough to include forgery as an objection, for it is obvious that a will which is forged has not been duly executed by the purported testator. See Barksdale v. Davis,114 Ala. 623, 22 So. 17; Wenning v. Teeple, 144 Ind. 189,41 N.E. 600, and cases cited; 68 C. J., Wills, p. 974, § 739.
If proponent had asserted surprise by reason of what she calls the injection of a new issue when the case was reached for trial in district court, the court would unquestionably have granted her a reasonable continuance. This is definitely indicated by the trial court's inquiry as to whether proponent claimed prejudice by the court's ruling and whether she desired a continuance, to both of which questions counsel for proponent answered "no." Having *Page 444 
claimed no prejudice then, proponent is hardly in a position to claim it now.
2. The jury's division on the question of forgery was equivalent to a finding against contestant, who had the burden of proof, Nichols, Shepard Co. v. Wadsworth, 40 Minn. 547,42 N.W. 541; Wanke v. Kreul, 225 Wis. 618, 275 N.W. 361; but a finding in favor of proponent on that issue was not conclusive as to the validity of the will. The court therefore properly received the special verdict on the issue of testamentary capacity. Schneider v. C. B. N. R. Co. 42 Minn. 68,43 N.W. 783; Ermentraut v. Providence-Washington Ins. Co. 67 Minn. 451,70 N.W. 572. The fact that the jury divided on the first issue did not require a new trial, neither an affirmative nor a negative answer being essential to its decision on the other issues, as in the case of Tober v. Pere Marquette R. Co.210 Mich. 129, 177 N.W. 385, relied upon by proponent.
3. But appellant now urges that by permitting the issue of forgery to be presented to the jury along with the issues of mental capacity and undue influence the jury were necessarily prejudiced against the scrivener who prepared the will and who appeared as a witness in support thereof, on the theory that such witness was thereby labeled a forger.
It has been the uniform practice in this state to dispose of all grounds of contesting a will in one proceeding, notwithstanding the grounds asserted may not be entirely consistent with each other. As an unavoidable consequence, it is not unusual to have testimony entirely irrelevant to the issue of mental capacity received and considered on the issue of due execution. The offering of such evidence in good faith should not be at the risk of having a favorable verdict on the issue of mental capacity set aside in the event the jury fails to decide the issue of due execution of the will or actually finds against the offeror of the evidence on the latter issue. Here three issues were submitted independently under instructions to consider them separately, and it must be assumed that, being unable to agree upon the issue of forgery, the *Page 445 
jurors approached the issue of mental capacity with open minds, uninfluenced by the testimony of witnesses and their own conclusions on the issue of forgery. We cannot speculate as to whether their judgment on that issue was in any degree affected by the forgery issue.
Most lawsuits start out with multiple issues, some of which are in good faith withdrawn or otherwise eliminated during the course of the trial; yet that circumstance has never, so far as we know, been successfully urged as a ground for setting aside the final determination of the jury upon the issues which are left for it to determine. Such rule would subject a high percentage of verdicts to attack. Here the trial court, after hearing all the evidence, adopted the finding of the jury; and it cannot reasonably be claimed that his judgment was in any way affected by the forgery issue.
For similar but more potent reasons, error cannot be predicated upon the submission of the issue of undue influence. The jury never reached that issue, and we see no logical ground upon which it can be claimed that its decision on the issue of mental competency was poisoned by the evidence that it heard upon the issue of undue influence.
4. The conflicting evidence upon the issue of mental competency of the testator raised an issue of fact. The issue was submitted to the jury under carefully prepared and accurate instructions as to the law applicable thereto, and its verdict was approved and adopted by the trial judge. We see no purpose in reciting the evidence in detail. Suffice it to say that there was ample evidence to justify a finding of mental incompetency under the rules laid down in the following cases: In re Estate of Dahn, 208 Minn. 86, 292 N.W. 776; In re Estate of Gordon, 184 Minn. 217, 238 N.W. 329; In re Estate of Weber,163 Minn. 389, 204 N.W. 52; Crowley v. Farley, 129 Minn. 460,152 N.W. 872; Kennedy v. Kelly, 123 Minn. 259, 143 N.W. 726.
5. Error is also assigned upon the court's failure to give a requested instruction as to the effect of lucid intervals of testator. *Page 446 
The instructions actually given repeatedly emphasized that the question for the jury to determine was whether "at the actualtime of the making of the will" testator's mind and memory were sufficiently sound to enable him to know and understand the business in which he was then engaged. Consequently, a specific instruction on the effect of lucid intervals was unnecessary.
6. Numerous other instructions were requested and properly refused in view of the clarity, simplicity, completeness, and fairness of the trial court's own instructions. As said in Davidson v. St. P. M. M. Ry. Co. 34 Minn. 51, 56,24 N.W. 324, 327:
"It is much better, if practicable, for a trial court, after due consideration of the requests of counsel, to charge a jury in an orderly, systematic, and consecutive manner upon the whole law of the case in chief, than to confuse them, as is often done, by giving the special propositions submitted by counsel, which, though perhaps correct, present a partial, disjointed, and therefore often misleading view of the law."
And see Burgess v. Crafts, 184 Minn. 384, 238 N.W. 798; Sohns v. M. B. Hubbard Grocery Co. 163 Minn. 187, 203 N.W. 782; MacLeod v. Payne, 149 Minn. 493, 182 N.W. 718; Woxland v. N.W. Consolidated Mill. Co. 113 Minn. 440, 129 N.W. 856; Attix v. Minnesota Sandstone Co. 85 Minn. 142, 88 N.W. 436; Schultz v. Bower, 64 Minn. 123, 66 N.W. 139; 6 Dunnell, Dig. Supp. § 9778.
7. One Charles E. Smith, named as executor under a prior will, was permitted to testify in behalf of contestant as to conversations between him and testator, over the objection that the witness was an interested party and that conversations between him and testator were incompetent under Minn. St. 1941, § 595.04 (Mason St. 1927, § 9817). The objection was properly overruled, the interest of such witness being neither certain nor immediate. The fees which he would be entitled to in the event that he was appointed and qualified as executor of the former will would not constitute him a party presently interested in the disallowance of the second *Page 447 
will. Geraghty v. Kilroy, 103 Minn. 286, 114 N.W. 838; Burmeister v. Gust, 117 Minn. 247, 135 N.W. 980; Lord v. Miller, 277 Mass. 276, 178 N.E. 649; Wyman v. Symmes,92 Mass. (10 Allen) 153; Jones v. Larrabee, 47 Me. 474; In re Ferguson's Estate, 295 Mich. 576, 295 N.W. 318; Hayden v. Hayden,107 Neb. 806, 186 N.W. 972, 25 A.L.R. 305; Stewart v. Harriman,56 N.H. 25, 22 Am. R. 408; Snyder v. Bull, 17 Pa. 54; Bettison v. Bromley, 12 East, 250. What was said in Snyder v. Bull, supra, in reference to testimony in support of a will by a witness named as executor therein, applies even more persuasively to a situation such as here, where the contestant, in opposition to a will, offered the testimony of one named as executor in a prior will. We quote (17 Pa. 58, 59):
"Granting, for the moment, that the office of an executor is a beneficial one, he was not an executor, though nominated; for no man living has an executor. But he might eventually be one. True: but he might not. He might die in the lifetime of the testator, or his nomination might be revoked, or he might not find it convenient to accept. He may have had the executorship in prospect: * * * in contemplation of law, an executorship is not an office of profit. In England the services are gratuitous, and though they are paid for here, the design of the allowance is compensation. It is sometimes more and seldom less; but the executor is supposed to get nothing that he has not earned, and if he sometimes gets too much, it is the fault of the court, not of the law. Unlike a legatee, he is not the testator's beneficiary. Though the bare appointment of an executor constitutes a testacy, yet since his contingent right to the surplus was taken away, the office has been a naked trust. Now, on no rule of evidence, can the expectation of a fat job go to more than credibility; an interest which goes to competency is fixed and certain."
On the entire record, all of which we have carefully considered, we hold that the finding of the jury, concurred in by the trial court, cannot be disturbed.
Affirmed. *Page 448