IN RE ESTATE OF FRED BOESE.
MABEL LANGLEY AND OTHERS v. CHARLES E. SMITH.[1]

June 16, 1944.

No. 33,694.

*Samuel P. Halpern* and *Max Shapiro,* for appellants.
*Theodore W. Thomson,* for respondent.

MAGNEY, JUSTICE.

On December 24, 1942, this court affirmed an order of the district court of Hennepin county vacating an order of the probate court allowing the will of Fred Boese in a proceeding to contest the will brought by Otto Boese against T. Wesley McMahon as executor. In re Estate of Boese, 213 Minn. 440, 7 N. W. (2d) 355. The appeal taken by McMahon as executor was dismissed by him on January 5, 1942. Attorneys' fees and expenses incurred up to that time were paid under the terms of a stipulation. The dismissal was without the knowledge and consent of Mabel Langley, the sole beneficiary. On motion made by her attorneys, this court on February 16, 1942,

[1] Reported in 15 N. W. (2d) 16.

set aside the order dismissing the appeal and reinstated it. In doing so, this court·stated:

"* * * As the sole beneficiary under the will it is apparent that said Mabel Langley is the real party in interest. She now asks this court to set aside our order dismissing the appeal and that we reinstate the appeal to the end that she may be permitted to prosecute the appeal in her own name and right, * * *" It was ordered "that petitioner's application for a leave to intervene or be substituted as appellant be granted."

The appeal was thereupon prosecuted to completion by Mabel Langley as the substituted party and her attorneys, with the result, as we have stated, of affirmance by this court of the order of the district court vacating the order of the probate court admitting the will to probate.

Mabel Langley and her attorneys then petitioned the probate court for allowance of attorneys' fees, expenses, and compensation for prosecuting and completing the appeal originally taken by McMahon as executor. The probate court disallowed the claim. On appeal to the district court, the order of the probate court was affirmed. This appeal is from the order of the district court denying the motion for a new trial of Mabel Langley and her attorneys, Samuel P. Halpern and Max Shapiro, who have represented her in all legal proceedings since about January 1, 1942.

Appellants base their claim for attorneys' fees, expenses, and compensation on Minn. St. 1941, § 525.49 (Mason St. 1940 Supp. § 8992-118), which reads:

"When any person named as executor in a will or codicil defends it or prosecutes any proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, * * * he shall be allowed out of the estate his necessary expenses and disbursements in such proceedings together with such compensation for his services and those of his attorneys as the court shall deem just and proper."

The lower court held that the appeal to this court was not taken in good faith and with just cause and that the statute authorizing the payment of attorneys' fees and expenses to a losing party did not cover one who had been substituted for the executor of the estate in prosecuting an appeal in this court which was taken solely and exclusively for the benefit of such party.

Appellants contend that the appeal in the will contest was commenced and completed in good faith and with just cause, and that a party substituted for an executor during the course of an appeal in a will contest is entitled to the same compensation and attorneys' fees as the executor would have been entitled to, whether successful or not. If the second contention be disposed of adversely to appellants, there is no necessity to consider the first. Of course, appellant Langley cannot and does not claim that she is an executrix of this estate. She does claim that, since this court permitted her to be substituted for the executor as appellant in prosecuting the appeal here, the statute includes her. The statute does not say so, and there is nothing to indicate in its wording that the legislature intended to include anyone in her situation. The statute specifically limits recovery to any person named as an executor in a will or codicil. It is the duty of any person named as executor in a will or codicil to do all things in his power to sustain the will. He has been properly termed the champion of the will. That clearly is the reason the legislature provided for the payment of his attorneys' fees, expenses, and compensation, win or lose. This court permitted Mabel Langley to prosecute the appeal in place of the executor because, as the sole beneficiary under the will, she was the real party in interest. As the sole legatee, she was endeavoring to sustain the will. If she had been successful, it would have been for her exclusive benefit. Clearly, we cannot read into the statute the claimed interpretation she desires. It was not intended to reimburse a person who conducts litigation for his own benefit.

Since we dispose of this case on the ground that appellant Langley is excluded from the provisions of the statute involved, it becomes unnecessary to consider whether the appeal in the will con-

test was commenced and completed in good faith and with just cause.

Order affirmed.