[No. 33970.   Department Two.   April 25, 1957.]

*In the Matter of the Estate of* ESABELLA HILL, *Deceased.*
JESSIE RIORDAN *et al., Appellants,* v. ISA JEANNETTE FULLAM
*et al., Respondents.*[1]

*E. F. Dailey,* for appellants.

*Helsell, Paul, Fetterman, Todd & Hokanson* and *Richard S. White,* for respondents.

OTT, J.—This appeal poses one primary question: Is a petition contesting a will subject to a demurrer, motion to strike, or motion to elect, where the petition pleaded (a) that the contested will was a forgery, both as to the signature of one of the witnesses and that of the testatrix, (b) that, if not a forgery, the testatrix' signature was obtained by fraud and undue influence, and (c) that the testatrix lacked the mental capacity to execute a will?

RCW 11.24.010 [*cf.* Rem. Rev. Stat., § 1385], relating to will contests, provides in part as follows:

"Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make

[1]Reported in 310 P. (2d) 250.

a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will."

Appellants contend that the allegation of forgery in the petition is inconsistent with the allegations relative to fraud, undue influence, and mental incapacity. Assuming, *arguendo*, that these allegations are inconsistent, all are tenable grounds for contest of a will, under the statute. In the event a petitioner is unable to prove forgery as a ground for contest, he is not thereby precluded from proving fraud, undue influence, or incapacity.

No Washington cases have been cited by either appellants or respondents relating to will contests in which this issue was determined, and we have found none.

It is the policy of the court, when possible, to adjudicate all matters pertaining to a single issue in one action. By the terms of the statute, the validity of a will is the single issue, and the several methods by which that issue may be presented are specified. The statute further provides that, if any ground affecting validity, other than those enumerated, is relied upon, it must be pleaded.

In the instant case, the additional ground pleaded was forgery. The one issue, the validity of the will, was not changed by the additional ground pleaded. Cancellation of the will was the sole remedy sought.

The prevailing rule with regard to pleadings in a will contest action is announced in 2 Page on Wills (Lifetime ed.) 185, § 628:

"Contestants may allege as many grounds as they hope to establish. If it is possible that two or more grounds of contest could exist at the same time, the contestant may take advantage of all of them although they are technically inconsistent. Allegations that testator did not sign the will, and that, if he did, his signature was induced by fraud, or that the will was a forgery, and was induced by undue influence, or that the will was induced by domination of testator and by suppression of facts, are not so inconsistent that contestant should be compelled to elect, or that testator

lacked mental capacity, and that the will was induced by undue influence."

See, also, *In re Bethke's Estate,* 65.S. D. 477, 275 N. W. 74 (1937); *In re Boese's Estate,* 213 Minn. 440, 7 N. W. (2d) 355 (1942).

■ We adopt this rule, and hold that a contestant may allege, in a petition for contest of a will, all of the grounds which he intends to establish upon a trial of the issue testing the validity of the will, even though such grounds may be technically inconsistent.

Finally, appellants contend that the evidence does not sustain the trial court's finding that the signature of one of the two witnesses to the will was a forgery. Our examination of the record convinces us that the trial court's finding in this respect is supported by the evidence.

For the reasons stated, we do not reach the remaining assignments of error.

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, SCHWELLENBACH, and ROSELLINI, JJ., concur.