JONATHAN MILES v. MAYS & WRIGHT.

(No. 6389.)

APPEAL from Tom Green County.  Opinion by WHITE, P. J.'

T. C. WYNN and COCHRAN & HILL, counsel for appellants.

No counsel appeared for appellee.

§ 110. *Pleading; office of exhibits attached to.* Plaintiffs sued for a balance due them by defendant for services rendered by them in their professional capacity as lawyers, which said services and the time, date, items and amounts and sums due therefor they allege are fully stated in Exhibit A, attached to their petition.  No other allegation is made in the petition as to what services were rendered, the character of services rendered, the time, dates, items and amounts due therefor, or where or in what manner rendered.  The exhibit referred to and made a part of the petition does not allege any services rendered, or show any liability on the part of defendant.  Defendant pleaded a general demurrer and special exceptions: (1) because the petition showed no cause of action; (2) because the allegations were too vague, indefinite and uncertain to inform defendant of the plaintiffs' demand, and the character of proof which would be made thereunder.  When an exhibit is made part of a petition the petition must contain such specific averments of facts as to show a cause of action independent of the exhibit.  "Exhibits will not relieve the pleader from making the proper allegations, of which the said exhibits may be the evidence in whole or in part." [Rule 19, Dist. Ct.]  The petition should refer to the exhibit only to aid, elucidate and explain the specific allegations made in the pleadings. [1 Civil Cas. Ct. App., § 752; Burks v. Watson, 48 Tex. 107; Pool v. Sanford, 52 Tex.

621; Macdonell v. Railway Co., 60 Tex. 590.]   The petition did not allege a good cause of action, and the special exceptions of defendant were well taken, and it was error for the court to overrule them.

May 10, 1890.                    Reversed and remanded.