ELIZABETH STEPHENS, RESPONDENT, *v.* THE AMER-
ICAN FIRE INSURANCE COMPANY, APPELLANT.

ACTION ON INSURANCE POLICY — PLEADING — SETTING FORTH IN-
STRUMENT IN FULL — DEMURRER.

1. Under our system, in a suit upon a written contract, it makes
no difference whether a contract is set out in *hæc verba*, or
whether it is annexed, and by proper reference made a part of
the pleading. However, matters of substance, which are pre-
liminary or collateral to the instrument, must be properly
averred so that the ultimate facts for which it was incorporated
will be clearly and distinctly presented; and, if the instru-
ment should be defective or ambiguous, it is incumbent upon
the pleader to place upon it some construction by proper alle-
gation, or else a demurrer will lie.

2. This action was brought to recover upon a fire insurance policy.
The complaint contains an allegation to the effect that
between the 15th and 25th of December, 1895, the plaintiff
furnished proof of loss. The dates mentioned in this allega-
tion were within the time required by the terms of the policy
to furnish such proof, the fire having occurred on the 15th of
December, 1895. *Held,* that the allegation was sufficient for
the purposes of a general demurrer.

MINER, J., dissenting.

(No. 728. Decided Oct. 20, 1896.)

Appeal from the Second district court, Weber county.
Hon. H. H. Rolapp, *Judge.*

Action by Elizabeth Stephens against the American
Fire Insurance Company to recover loss sustained by fire.
From a judgment for plaintiff, defendant appeals.
*Affirmed.*

*Twomey & Twomey*, for appellant.

*Evans & Rogers* and *A. G. Horn*, for respondent.

BARTCH, J.:

This is a suit on a fire insurance policy to recover for loss occasioned by fire. The defendant interposed a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and judgment entered in favor of the plaintiff for $938 and costs. This appeal was prosecuted from the order overruling the demurrer and from the judgment.

The complaint, after alleging the corporate existence of the defendant, avers that the plaintiff, at the time of its insurance and destruction by fire, was the owner of the property in question; that said property was situated on Washington avenue, in Ogden city, Utah Territory; that on the 30th of November, 1895, in consideration of the payment of a premium of $17.50, the defendant, by its general agent, "made their policy of insurance in writing, which is hereto attached, and made a part of this complaint"; that on December 15, 1895, the insured property was greatly damaged, and in part destroyed, by fire, to the plaintiff's loss thereby in the sum of $1,200; that between the 15th and 25th of December, 1895, the plaintiff furnished proof of the destruction and loss, and otherwise performed all of the conditions of said policy on her part; and that on February 28, 1896, defendant refused to pay such loss, and denied and disclaimed liability. Counsel for the appellant insist that the complaint, independent of the insurance policy, does not state a cause of action, and that, notwithstanding the express averment to that effect, the policy constitutes no part of

the complaint, and cannot be considered in determining its sufficiency. It is not claimed that the policy is not a properly executed and valid instrument, and the objection therefore goes to the practice of pleading by setting forth such an instrument in full. It amounts to this: because, in effect, there can be no difference in setting out an instrument in *hæc verba* and in annexing it, and by proper reference making it a part of the pleading. Possibly, as a matter of arrangement and convenience, the former mode would be preferable, but in either case the instrument becomes a part of the pleading, and, if one of these methods is objectionable, equally so is the other. Whether, in a suit upon a contract, the making of the instrument a part of the complaint is the best practice, it is not necessary for us to discuss. Such practice appears to be recognized in this state by statute, as will appear from section 3235, Comp. Laws Utah 1888, which reads as follows: "When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified." This section is identical with section 447 of the California Code of Civil Procedure, and was doubtless borrowed from that state, and the supreme court of California has repeatedly recognized the same practice. *Lambert* v. *Haskell,* 80 Cal. 611; *Ward* v. *Clay,* 82 Cal. 502; *Whitby* v. *Rowell,* 82 Cal. 635; *Johnson* v. *McDuffy,* 83 Cal. 30; *Emeric* v. *Tams,* 6 Cal. 156; *Hook* v. *White,* 36 Cal. 299. The same method is also distinctly recognized by Mr. Estee in his work on Pleadings under the Code. 1 Estee, Pl. § 735. See, also, *Budd* v. *Kramer,* 14 Kan. 85; *State* v. *School Dist.,* (Kan.) 8 Pac. 208; *Prindle* v. *Caruthers,* 15 N. Y. 425; *Elbring* v. *Mullen,* (Idaho) 38 Pac. 404.

Under this practice, however, a party cannot plead

matter of mere evidence. Nor will it relieve him from pleading by proper averment matters of substance which are preliminary or collateral to the instrument, and the instrument on which the action or defense is based must not be defective or ambiguous, but must clearly and distinctly present the ultimate facts for which it is incorporated into the pleading, and on which the pleader relies. If it does not so present such facts, or is defective or ambiguous, it is incumbent upon the pleader to place upon it some construction by proper allegation, or else a demurrer will lie.

It is also insisted by counsel for the appellant that there is no allegation that proof of loss was furnished, or notice given, pursuant to the requirement of the policy. If this contention were admitted to be well taken, it could not avail the appellant, because the complaint contains an averment to the effect that on the 28th day of February, 1896, the defendant company refused to pay the loss and denied and disclaimed any liability; and where an insurance company disclaims liability under the policy, and refuses to pay, proof of loss is not necessary. In such case the loss becomes payable immediately upon such disclaimer and refusal, and proof of loss is waived. *West* v. *Insurance Soc.*, 10 Utah 442; *Daniher* v. *Grand Lodge*, 10 Utah 110. Many of the objections made to the complaint in this case cannot be considered on general demurrer. We are of the opinion the demurrer was properly overruled, and that the record contains no reversible error. The judgment is affirmed.

Zane, C. J., concurs.


Miner, J.:

I cannot concur with my brethren in this case. The statute provides that "the complaint must contain a

statement of facts constituting the cause of action in ordinary and concise language." Under section 3235, Comp. Laws Utah 1888, referred to, the genuineness and due execution of the written instrument only are deemed admitted. It was not intended by the legislature that this section should preclude the necessity of setting out in the complaint a statement of the facts constituting the plaintiff's cause of action in ordinary and concise language. Several matters of substance are lacking in the averments found in the complaint, which are sought to be supplied only by reference to the recitals found in the exhibit annexed to the complaint. As said in *Lambert* v. *Haskell*, 80 Cal. 613: "Matters of substance, which are preliminary or collateral to the instrument pleaded, cannot be supplied by recitals in the instrument annexed. All that is accomplished by setting forth an instrument in full is to allege its existence and character. It does not involve an assertion of the truth of preliminary or collateral matters recited in the instrument. Whatever may be the effect of such recitals as evidence, they cannot serve as allegations in pleading." In other words, the recitals in the exhibit annexed to the pleadings cannot take the place of, and be substituted for, the allegations required by the statute to be alleged in the complaint. "The use and purpose of an exhibit is to set forth in detail that which is alleged in more general terms, or to embody in the record such facts as will, in legal effect, amount to the facts as alleged in the complaint, or to aid the allegations in fixing more accurately and definitely their import; but not to supply the omission of allegations necessary to present a good cause of action." 4 Enc. Pl. & Prac. p. 610. I am aware of some decisions tending to sustain the view adopted by the court, but I do not think such a practice a proper one

to be followed and adopted in this state to the extent indicated in the opinion of the court. *Los Angeles* v. *Signoret*, 50 Cal. 299; *Lambert* v. *Haskell*, 80 Cal. 613; *Johnson* v. *Insurance Co.*, 3 Wyo. 140; *Insurance Co.* v. *Kahn*, (Wyo.) 34 Pac. 895; *Larimore* v. *Wells*, 29 Ohio St. 13; *Bayless* v. *Price*, (Ind. Sup.) 31 N. E. 88; *Brooks* v. *Paddock*, 6 Colo. 36; *Morrill* v. *Trust Co.*, 46 Mo. App. 243; *State* v. *Samuels*, 28 Mo. App. 649; *Hart* v. *Tolman*, 1 Gilman 1; *C. Aultman & Co.* v. *Siglinger*, (N. D.) 50 N. W. 911; *Guadulupe Co.* v. *Johnston*, (Tex. Civ. App.) 20 S. W. 833; *Railroad Co.* v. *Parks*, 32 Ark. 131; *Gage* v. *Lewis*, 68 Ill. 618; *Oh Chow* v. *Hallett*, Fed. Cas. No. 10,469; *Fitch* v. *Cornell*, Id. 4,834; 4 Enc. Pl. & Prac. 610; *Miles* v. *Mays*, (Tex. App.) 16 S. W. 540; *Hill* v. *Barrett*, 14 B. Mon. 33.

---

## ON PETITION FOR REHEARING.

### (Nov. 11, 1896.)

BARTCH, J.:

In this case the point is now made in the appellant's petition for a rehearing on the question of proof of loss that the appellant company did not disclaim liability under the policy, and refuse payment, until after the time within which proof of loss should have been furnished under the contract. Even if this position be correct, it cannot avail the appellant, because it is alleged in the complaint that between the 15th and 25th of December, 1895, proof of loss was furnished. This was within the time required by the terms of the policy, and we think the allegation, as made in the complaint, was

sufficient for the purposes of a general demurrer. The petition for a rehearing is denied.

ZANE, C. J., concurs.

MINER, J.:

I am of the opinion that a rehearing ought to be granted, based upon the errors assigned in the record.