# WEBSTER LUMBER COMPANY v. FRED W. ROEDTER.[1]

February 10, 1928.

No. 26,461.

**Rulings on evidence sustained.**

1. Certain rulings on admission of evidence *held* without error.

**Letters of plaintiff's attorney inadmissible.**

2. Letters written by plaintiff's attorney to the defendant after the transaction was closed, in efforts to collect the claim, *held* not admissible.

**When admission of copy of letter is harmless.**

3. Receiving in evidence a copy of a letter written by defendant to plaintiff, which letter appears immaterial, *held* harmless in a trial before the court, where there is sufficient competent evidence to sustain the findings made and the letter does not appear to have affected the decision.

**Findings of fact sustained.**

4. The findings of fact are sustained by the evidence.

**Conclusions of law sustained.**

5. The conclusions of law necessarily follow from the facts found.

**Assignment of error presents no question for review.**

6. A general assignment that the court erred in denying a new trial presents no question for review where such motion is made on numerous distinct grounds.

**In court case credibility of witnesses is for court.**

7. In a case tried before the court without a jury, it is the province of the court to determine the credibility of the witnesses, and an opinion expressed by the court at the close of the trial as to the truthfulness of witnesses presents no ground for a new trial.

Appeal and Error, 3 C. J. p. 1391 n. 14; 4 C. J. p. 878 n. 81; p. 969 n. 56; p. 1000 n. 24.

Evidence, 22 C. J. p. 229 n. 50.

[1]Reported in 217 N. W. 933.

New Trial, 29 Cyc. p. 771 n. 83.
Trial, 38 Cyc. p. 1945 n. 32; p. 1979 n. 50.

Plaintiff appealed from an order of the district court for St. Louis county, Kenny, J. denying its motion for a new trial. Affirmed.

*Fryberger, Fulton, Hoshour & Boyle,* for appellant.
*Baldwin, Baldwin, Holmes & Mayall,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order denying its motion for a new trial.

Late in February, 1926, the plaintiff entered into a contract with Bodin & Son to saw for them certain ties and saw logs for an agreed compensation, and commenced such sawing operation about the end of February and continued same until about April 2, 1926. Plaintiff brings this action to recover the agreed compensation for such sawing. It seeks to recover therefor from this defendant, Fred W. Roedter, on the ground alleged in its complaint, that immediately after it made said contract with Bodin & Son, within three or four days after the sawing started according to the testimony of plaintiff's witness Getchell, this defendant, for a valuable consideration, made an original oral promise and agreement with Bodin & Son and with plaintiff that this defendant would pay the plaintiff for the sawing done and to be done for Bodin & Son. Defendant denies making any such promise or agreement. The case was tried before the court without a jury, and the court found that the sawing was done by plaintiff for Bodin & Son and that the defendant had not promised or agreed to pay therefor.

1. Assignments of error numbered 1, 2 and 3 challenge certain rulings on objections to questions asked the witness Getchell. The evidence received as well as that excluded by these rulings was unimportant, and there was no error.

2. Assignments numbered 4, 5 and 6 question the rulings of the court excluding from the evidence two letters written by plaintiff's attorney to the defendant. These letters were written more than two months after the completion of the sawing and when the attor-

ney was endeavoring to collect from defendant. The letters are not shown to be material and are self-serving, and the court properly enough excluded them.

3. Error is assigned upon the receipt in evidence of defendant's exhibit 6, a copy of a letter from defendant to plaintiff dated April 30, 1926. The materiality of this letter is not readily apparent. It might well have been excluded. In a trial before the court, where there is competent evidence to sustain the findings, the admission of immaterial evidence does not require a reversal unless it is clear that it affected the decision. There is no indication that this letter prejudiced the plaintiff. If error to receive it, the error was harmless.

4. Assignments numbered 8, 9 and 10 are directed to the findings of fact, that plaintiff did this sawing for Bodin & Son and that defendant did not at any time agree to pay plaintiff therefor. The objection urged is that these findings are not sustained by the evidence. These issues were questions of fact for the trial court. Where there is conflict in the testimony and evidence upon questions of fact, this court does not weigh the evidence on one side as against that on the other. The review here is limited to the question of whether or not there is evidence fairly sustaining the findings of the trial court. The evidence in this case is sufficient to sustain the findings.

5. Assignment numbered 11 is as to the conclusions of law, that plaintiff is not entitled to recover, and for costs to defendant. These conclusions necessarily follow from the findings of fact.

6. Assignment numbered 12 is a general assignment that the court erred in denying the motion for a new trial. As the motion for a new trial was made on four or more distinct grounds, this assignment is too general to bring up any question for review. Without waiving or modifying that rule, it may be stated that the letters written by plaintiff's agent to plaintiff and which plaintiff now seeks to make use of, were in plaintiff's possession at the time of the trial and it had been duly notified to produce them but neglected to do so. They cannot be said to be newly discovered evidence. These letters, in any event, would not be admissible for the

plaintiff, being hearsay and self-serving declarations made by plaintiff's own agent. The mere notice to produce does not render them admissible. The extent of the rule stated by plaintiff goes no further than to hold that, where a party calls upon his adversary to produce a paper and it is produced and inspected by such party, it may be introduced by the party producing same.

The other alleged newly discovered evidence consists of proposals to have two witnesses, who testified at the trial, modify and add to their testimony, and the offer to produce two additional documents, a contract between defendant and Bodin & Son made in October, 1925, and a timber deed from defendant to Bodin & Son made in November, 1926. Additional testimony of witnesses who have already testified at the trial can probably not be considered as newly discovered evidence and the documents referred to do not appear to have much direct bearing on the issues presented by the pleadings. There was no abuse of discretion in denying the motion for a new trial on the ground of newly discovered evidence.

7. The last assignment of error is that the court erred in refusing a new trial on the ground of "prejudice of the trial court." It is not at all clear that this assignment comes within any of the grounds for a new trial mentioned in G. S. 1923, § 9325. It does appear that at the close of the trial, after both parties had rested, the court expressed an opinion as to the credibility of witnesses and stated that he did not care to hear arguments. But it is clear that any opinion then held by the court as to the truthfulness of any of the witnesses was formed from the evidence presented and from observation of the witnesses, their appearance and manner of testifying, and not from any improper or outside influence. It is the province of the court, in a case tried without a jury, to determine the credibility of witnesses testifying before it. Plaintiff made no request or offer to present any argument, and all questions raised appear to have been presented and considered by the trial court on motion for a new trial.

Order affirmed.