## C. L. COLMAN LUMBER COMPANY v. J. J. MIRONOWSKI AND ANOTHER.[1]

June 1, 1928.

No. 26,777.

**When findings of fact supported by substantial evidence will not be disturbed on appeal.**

1. Findings of fact having substantial support in the evidence will not be disturbed simply because there is a substantial amount of evidence in opposition.

**When proper practice requires motion for amended findings.**

2. In a case tried to the court involving a settlement of accounts, where it is claimed for appellant that alleged errors with respect to minor debits or credits have been made, proper practice requires a motion for amended findings so that error if it exists may be corrected in the trial court.

Appeal and Error, 3 C. J. p. 868 n. 94; 4 C. J. p. 884 n. 37.

[1]Reported in 219 N. W. 758.

Defendants appealed from a judgment of the district court for Nobles county, Gislason, J. Affirmed.

*J. A. Cashel,* for appellants.

*A. W. Tierney,* for respondent.

STONE, J.

In this action to foreclose a lien for building materials furnished by plaintiff and used by defendants in the erection of a dwelling house, the findings were for plaintiff. Without a motion for amended findings or a new trial, defendants appeal from the judgment.

1. The record and briefs present nothing but issues of fact. There is no question of the quantity of materials actually delivered to and used by the defendants. The evidence is ample to support the finding as to their reasonable value. Back of that is the issue as to whether they were sold upon express contract. There also the finding is against defendants and upon evidence of such a nature that we cannot disturb the result. Our review stops where we find "evidence fairly sustaining the findings of the trial court." Webster Lbr. Co. v. Roedter, 173 Minn. 529, 531, 217 N. W. 933.

We have examined the several claims that appellants were entitled to credits of a minor nature which were not allowed them by the decision below. Most if not all were in fact allowed and at the figures now claimed. The findings were carefully drawn to meet every issue, and we fail to see how they are open to any misunderstanding.

Among other things defendants claim credit for a "discount," so called. Their claim is correct and was allowed, not specifically as a credit but as a reduction in the value of the materials. From the record that appears clearly, except as there was included in the so-called discount a relatively small amount to cover adjustments on some other items.

2. The practice followed in this case is not commendable. If many of the alleged errors had been errors in fact they would have

been so through inadvertence. Orderly and considerate practice demands that such matters first be called to the attention of the trial court by a motion to amend the findings. Resort should not be had to this court to correct mere items of detail which can be disposed of by motion in the trial court. All else aside, where counsel claim that such errors have been made, they owe to the judge who made them the first opportunity to consider whether in fact error exists and if so to correct it.

Judgment affirmed.