IN RE ESTATE OF KATHERINE GORDON, ETC.
MINNIE NAULT, APPELLANT.[1]

October 9, 1931.

No. 28,539.

[1]Reported in 238 N. W. 329.

218

*E. Luther Melin*, for appellant.
*D. H. Fullerton*, for respondent.

HILTON, J.

This is an appeal from a judgment of the district court wherein on appeal that court affirmed an order of the probate court denying the petition of the proponent for the admission to probate of an instrument proffered as the last will and testament of Katherine Gordon, decedent.

The court found as a fact that at the time of the execution of the will in question decedent did not have testamentary capacity sufficient to execute a will.

The court in its memorandum states:

"The objectors to the will relied upon evidence adduced by local physicians who had had opportunity of examining the decedent before her death and who had, in fact, treated her for a considerable time prior to her death. The objectors also rely upon the testimony of Per M. Larson, [attorney who drew the will] and of a nurse who attended the decedent. *  *  *

"The testimony of the experts for the respective parties is squarely conflicting, and the court deems that it is justified in this case in accepting the testimony of the expert witnesses for the objectors to the will as against the expert testimony of the proponents for the reason that they had had a much better opportunity to determine the mental condition of the decedent at the time and prior to the time of the execution of this instrument."

The expert witnesses for the proponent had never seen the decedent, and based their opinions on the evidence presented at the trial. The court also took into consideration certain uncontradicted evidence in reaching its decision.

The court was the trier of fact; its decision had abundant support in the evidence. It should not be disturbed. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 411. A recital of the evidence is not necessary. Various assignments of error considered and found to be without merit.

Judgment affirmed.