## CARL W. FREYBERG AND ANOTHER v. LONDON & SCOTTISH ASSURANCE CORPORATION AND OTHERS.[1]

February 24, 1956.

No. 36,737.

*O'Brien & Kronebusch,* for appellant.
*Haugland & Abdo,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Defendant London & Scottish Assurance Corporation appeals from a judgment of the district court. The case involves the question of whether that company, hereinafter referred to as defendant,

[1]Reported in 75 N. W. (2d) 203.

was liable as insurer for windstorm damage to a garage owned by Carl W. Freyberg, hereinafter referred to as plaintiff.

On or about March 1, 1950, plaintiff purchased certain properties from one Dalbert Hayes. The property included a basement dwelling, a garage, and two henhouses. Hayes had purchased the unimproved real estate in June of 1948. In July of 1948 he commenced construction of a basement dwelling on the property, the cost of which was approximately $3,500, and occupied said dwelling in September of that year. In September of 1948 he commenced the construction of a garage on the premises at a cost of from $1,500 to $1,800. In October 1948 he commenced construction of a third building, a henhouse, which had a total cost of approximately $3,500. A second henhouse was constructed on the premises in October of 1949 at a cost of approximately $1,500.

Hayes testified (by deposition) that, when he began construction of the dwelling in July 1948, he called the Amland Agency, Inc., by telephone, and in a conversation with one Marvin E. Lestor, an employee of Amland, he ordered insurance covering fire, windstorm, and extended coverage placed on said dwelling. He further testified that he called Lestor about September 25, 1948, at approximately the time he commenced the construction of the garage in question, and ordered similar insurance thereon. He was uncertain as to whether he had ordered insurance in the amount of $1,000 or $1,500 but testified that in any event he had ordered $1,500 in insurance coverage on the garage by the time it was completed. About October 1, 1948, he ordered insurance through Lestor in the amount of $3,500 on the first henhouse, and in October of 1949 he ordered from Lestor insurance in the amount of $1,500 on the second henhouse.

Of the four different policies of insurance ordered by Hayes, the defendant company wrote only one which was in the amount of $1,500. This policy is the only one we need consider here. Although Hayes testified that he never received any of the policies, there is a stipulation in the record that the policy on the dwelling—not involved here—was delivered to him. In any event it appears that

Hayes was billed for them and remitted the premiums to the Amland Agency.

Shortly after the plaintiff purchased the premises he inquired of Hayes as to whether the buildings were insured and was informed by him that they were insured with the Amland agency. Plaintiff thereupon phoned the Amland agency and spoke with Lestor and inquired as to the kinds and amounts of insurance on the buildings. Pursuant to their conversation plaintiff received a letter from the Amland agency, signed by Lestor, which contained a statement of the coverages and the amounts of the unexpired premiums. This letter recited the four policies including policy No. 4077 written by defendant which, according to the letter, covered the garage building in the amount of $1,500 for fire and extended coverage (including windstorm). A check for the unexpired premiums was mailed by plaintiff to the Amland agency the day after he received the letter, and he in turn received from Amland the endorsements changing the named assured on the policies from Hayes to plaintiff. Although plaintiff requested that the policies themselves be sent to him, he never received them.

On June 19, 1951, the garage was destroyed by a windstorm at a loss of at least $1,500. A sworn proof of loss was submitted to defendant by plaintiff but it was returned to him and liability was denied on the grounds that the policy which they carried in plaintiff's name covered a rolled roof, frame henhouse and not the rolled roof frame garage which had been destroyed.

Amland Agency, Inc., was at no time during the period in question a licensed agent of defendant. However, for a number of years Amland had submitted applications for insurance to Violet L. Schutta, doing business as Schutta Insurance Agency, who was a licensed agent of the defendant. Schutta in turn had placed insurance on such applications with the defendant. On such policies it was the practice for the Amland agency to collect the insurance premiums, deduct its commission, and remit the remainder of the premiums to Schutta, who in turn remitted it to defendant.

The trial court made findings that Hayes had communicated by telephone with the Amland agency and talked to Lestor; that Hayes told Lestor that he wanted $1,500 insurance coverage against loss by fire and windstorm on the garage; that Lestor informed Hayes that the insurance would be immediately effective and that pursuant to the conversation policy No. 4077 was issued on December 23, 1948, giving fire and extended coverage on the garage in the sum of $1,500 for three years from said date. The first conclusion of law of the trial judge was that the property insured by defendant in their policy No. 4077 was the garage hereinbefore described instead of henhouse or poultry house therein designated. The court further concluded that plaintiff was entitled to judgment against defendant in the sum of $1,500, with interest thereon from the date of the loss, together with his costs and disbursements, and judgment was entered accordingly.

Two exhibits were introduced in evidence which purport to be carbon copies of the defendant's policy No. 4077. These copies are commonly called "dailies" in the insurance business. One of these exhibits, introduced by defendant, tends to show that the building insured was a rolled roof, frame henhouse. The other exhibit, which also consists of a copy of the policy, was introduced by Lestor, who was one of the defendants who obtained a favorable judgment in the trial court. This exhibit, taken from the files of the Amland agency, tends to show that the building insured was a rolled roof, frame garage. It seems evident on the Lestor exhibit that this copy slipped in the typewriter while being typed and moved up one space so that the garage was indicated as the building insured in the printed form of the copy whereas it apparently should have indicated a henhouse. Nevertheless this copy indicated coverage on the garage, and it was this copy to which the Amland agency referred to ascertain the coverage which plaintiff had with defendant. This copy was typed by defendant's agent Schutta, and was forwarded by Schutta to Amland agency for their files.

The rule in Minnesota is that an insurance policy is to be liberally construed in the favor of the insured and every reasonable doubt as

to the meaning of the language used therein is to be resolved in favor of the insured. See, 9 Dunnell, Dig. (3 ed.) § 4872, and cases cited.

This court set forth in Weum v. Mutual Benefit Health & Acc. Assn. 237 Minn. 89, 54 N. W. (2d) 20, the rule which we believe to be controlling on the facts of this case. In that case we said (237 Minn. 105, 54 N. W. [2d] 29):

"* * * In resolving doubts as to the meaning to be given the terms of an insurance contract, this court will note the purposes for seeking insurance and will avoid an interpretation which would forfeit rights which the insured may have believed he was securing, but which, because of the failure of the insurer to use clear language, are now cast in doubt."

In the instant case Hayes, the original owner of the properties, ordered insurance to be written on the garage and said that he was billed for the policy. He testified that he never received the policy. When plaintiff purchased the property he immediately contacted Hayes' insurance agent, Amland, and requested that a list of the coverage be sent to him. Pursuant to this conversation Amland informed plaintiff by letter that his garage was covered for fire and extended coverage, in the amount of $1,500, by defendant. In preparing this letter Amland agency relied on the copy of the policy forwarded to it by Schutta, the agent of defendant. Their copy, while ambiguous and uncertain, indicated that the garage was the building insured. We believe that had the plaintiff himself seen this copy he would have been justified in interpreting it to mean that his garage was insured. The law in this state is that where a contract is prepared by one of the parties and the meaning is uncertain the doubts and ambiguities raised must be resolved against the party who prepared the contract. Lucas v. Ganley Bros. Inc. 166 Minn. 7, 206 N. W. 934; Weum v. Mutual Benefit Health & Acc. Assn. *supra;* Swank v. St. Paul City Ry. Co. 72 Minn. 380, 75 N. W. 594. It must be remembered that the original contract of insurance was never presented to the court and that the plaintiff did everything that could reasonably be expected of him to determine that the garage was insured.

It is our opinion, therefore, that the finding of the trial court that the policy of defendant covered the garage in question must be upheld. Where evidence fairly sustains the findings of the trial court they must be affirmed on appeal. C. L. Colman Lbr. Co. v. Mironowski, 174 Minn. 507, 219 N. W. 758; Webster Lbr. Co. v. Roedter, 173 Minn. 529, 217 N. W. 933; In re Estate of Gordon, 184 Minn. 217, 238 N. W. 329.

Affirmed.