G. C. KOHLMIER, INC. v. DONALD L. ALBIN AND ANOTHER.

101 N. W. (2d) 909.

March 18, 1960—No. 37,818.

*Walbran & Walbran,* for appellant.
*James K. Rietz,* for respondent.

NELSON, JUSTICE.

An action brought by G. C. Kohlmier, Inc., against Donald L. Albin and the Mutual Life Insurance Company of New York was tried without a jury and findings were entered in favor of plaintiff. Defendant Donald L. Albin appeals from the judgment.

Plaintiff is a corporation with offices at Owatonna, Minnesota, engaged in contracting, operating with heavy machinery, and clearing brush, trees, and stumps from land. G. C. Kohlmier is its president. Defendant Donald L. Albin had a farm near Owatonna on which a 40-acre tract was in need of clearance. In June 1954 an employee of plaintiff called on Albin and inquired if he would be interested in having certain timber cleared from part of said 40 acres. Mr. Albin said that he was without money to pay for the job at the time but that he would be willing to have the 40 acres cleared if Kohlmier would accept $200 that fall. Later Kohlmier drove to the Albin farm and discussed clearing the land with him. Albin again said that while he wanted the 40 acres cleared he could not pay at the time but would pay $200 that fall and the balance the following year. Kohlmier informed Albin that the charge would be $9 per hour for one man and caterpillar. Albin said that he had a harvester, corn sheller, and combine with which he did custom work and would be able to pay the balance the following year. Since payments were to be delayed, it was agreed that Kohlmier would be allowed to move on and off the job as he desired.

Work was commenced June 22, 1954, and continued intermittently until June 10, 1955. At that time Kohlmier had cleared the tract except for removing some of the stumps and roots with a digger attachment, which would have taken from 9 to 10 hours. On that day an employee of Kohlmier asked Albin if he wanted Kohlmier to do it but Albin

told him that if he should want Kohlmier to use its digger on the tract he would contact Kohlmier at a later date. Albin also told the same employee that he was purchasing a heavy disc with which to break up the land and that he intended to do the root removing himself.

Plaintiff filed a mechanics lien on July 27, 1955, and sent a copy of the lien to Albin accompanied by demand for the amount due. On August 1, 1955, Albin came to G. C. Kohlmier, plaintiff's president, and said that he would market hogs late in the fall and would pay the account by November 1, 1955. At Kohlmier's suggestion Albin went to the office of the attorney representing plaintiff for the purpose of discussing payment. He told the attorney that he would make payment November 1, 1955. A letter dated October 31, 1955, was sent to Albin from plaintiff's attorney calling his attention to the payment date. In a letter dated November 9, 1955, defendant offered to pay $500 and the balance later. A complaint in an action to foreclose the mechanics lien was verified by G. C. Kohlmier, as president of plaintiff corporation, on November 10, 1955, and served on defendant Albin November 12, 1955.

Appellant makes 12 assignments of error upon which he bases the contentions hereinafter considered. He first contends that plaintiff's pleadings should have been stricken and its claim disallowed because it did not attach to and file with its complaint a verified bill of items of his claim and did not allege in its complaint that the bill of items attached was true and correct.

■ The first contention requires us to determine whether plaintiff was required to verify its bill of particulars separately from the complaint, which was verified as stated. The issue involves a problem of incorporation by reference. There are at least three separate ways of pleading a contract or a written document: It may be pleaded by stating its legal effect; the exact words of the document may be set forth in the complaint; or the document may be incorporated by reference. There appears to be no good reason why incorporation by reference should not be applicable to contracts or other writings. Clark, Code Pleading (2 ed.) § 37, treats the subject as follows:

"* * * The whole question [incorporation by reference] would

seem one of convenience merely; and since often it may be more convenient and less confusing not to state a writing or its substance—especially one which is long and involved—in the body of the complaint, but to incorporate it by reference, the practice would seem unobjectionable. Where such incorporation is made, the reference must be direct and explicit so as to identify the instrument, and it must state that the exhibit is made a part of the complaint. The instrument or a copy thereof must be annexed to the pleading."

The third paragraph of plaintiff's complaint reads:

"That a Bill of Particulars of said labor and machine work so furnished by plaintiff to defendant, Donald L. Albin, is hereto attached and marked 'Exhibit B' and hereby made a part hereof as fully as though set forth at length herein."

M. S. A. 514.13 provides that when commencing an action to foreclose a mechanics lien:

"Each lienholder shall attach to and file with his complaint or answer a bill of the items of his claim, verified by the oath of some person having knowledge thereof, and shall file such further and more particular account, as the court may at any time direct. Upon his failure to file such original or further bill, his pleading shall be stricken out and his claim disallowed. No failure to comply with any of the provisions of this chapter shall affect the right of any person to recover, in an ordinary civil action, from the party with whom he has contracted."

The complaint, in which the bill of particulars had been incorporated by reference and to which a copy thereof was attached, was verified by G. C. Kohlmier, plaintiff's president, who personally entered into the contract and directed the work. There can be no doubt that he was competent to make such verification. The verification was complete and in the usual form. It would be useless to contend that Kohlmier did not know what was included in the bill of particulars, the object of which, under the statute, is to inform the other party with regard to the details of the claim so that he will have the opportunity of preparing his case with respect to the items contained therein. The record indicates that the trial court did not find it necessary to order the filing

of a further or more particular account to satisfy the provisions of § 514.13.

This court considered a similar question in Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083, wherein it was held that the pleading may or may not be verified, but the bill of items must be verified. The court said that if a party verifies his pleading by an affidavit that the averments therein are true of his own knowledge, and the pleading states directly and positively that the attached bill of items is true and correct, this constitutes a sufficient verification of such a bill of items. Also see, Melvey v. Bowman, 169 Minn. 504, 212 N. W. 194.

"It has been held that the incorporation of the exhibit makes it an *integral part of the complaint for all purposes,* \* \* \*. The \* \* \* [above] would seem the vastly more desirable rule." (Italics supplied.) Clark, Code Pleading (2 ed.) § 37, note 40; Stephens v. American Fire Ins. Co. 14 Utah 265, 47 P. 83; Porter v. Allen, 8 Idaho 358, 69 P. 105; Spence v. Woods, 134 App. Div. 182, 118 N. Y. S. 807; Long v. Shepard, 35 Okl. 489, 130 P. 131; Somers v. Hanson, 78 Ore. 429, 153 P. 43. It must be concluded that the plaintiff's bill of particulars herein became a part of the complaint for all purposes; that since the complaint was verified, the bill of particulars was verified, and as a result, § 514.13 was fully complied with.

In considering appellant's second contention—that testimony as to the amount he owed was outside the scope of plaintiff's pleadings because the complaint did not allege that the claim was for an agreed price or for the reasonable value of the work done—we must look to § 514.03 which provides:

"If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon; otherwise, and in all cases as against others than the owner, it shall be for the reasonable value of the work done, and of the skill, material, and machinery furnished. It shall extend to all the interest and title of the owner in and to the premises improved, not exceeding 40 acres in area if situated outside the limits of an incorporated city or village, and not exceeding one acre if within such limits."

In appellant's reply brief we find this statement: "We agree with at-

torney for respondent that this [§ 514.03] is not a rule of pleading." We must therefore give consideration to rules of pleading along with the above statute.

It is true that under the code a party was required to plead the "ultimate material operative facts constituting the plaintiff's cause of action."[1] However, under Rules of Civil Procedure, Rule 8.01, adopted in 1952, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief" followed by a demand for judgment and the amount if a recovery of money is sought. See, 1 Youngquist & Blacik, Minnesota Rules Practice, pp. 191 to 195, and annotation of cases.

Plaintiff's complaint contained the following statements pertinent to the issues here involved:

"That defendant, Donald L. Albin, is indebted to the plaintiff in the sum of Two Thousand Three Hundred Forty Dollars ($2,340.00), with interest thereon at the rate of 6% per annum, from the tenth day of June, 1955, for labor and machinery furnished by plaintiff to and for the defendant at the request of the defendant, Donald L. Albin; that the first item thereof was furnished to defendant on the 22nd day of June, 1954, and that the last item thereof was furnished on the tenth day of June, 1955; that all of said labor and machine work was furnished to said defendant and used in removing trees, stumps, clearing trees, tearing and breaking of roots and preparation of the land for cultivation on the premises in Steele County, Minnesota, described as follows:

\* \* \* \* \*

"That the defendant, the Mutual Life Insurance Company of New York is the holder of a mortgage of record on said premises, which said mortgage is inferior to the lien of plaintiff."

The court found the mortgage held by Mutual Life Insurance Company of New York inferior to plaintiff's lien and said defendant has not appealed.

We see no difficulty in concluding that plaintiff's complaint contained

---

[1]See, Clark, Code Pleading (2 ed.) § 38.

the necessary short, plain statement of the claims relied upon to show that it was entitled to relief. It would therefore follow that the evidence introduced to prove plaintiff's claims was admissible under the complaint.

■ Defendant's third contention is that plaintiff defeated its right of action by failing to perform the contract and abandoning the contract before the work was substantially completed, and additionally by its failure to show that it had fully, or at least substantially, performed the same. Defendant introduced testimony of abandonment by plaintiff before completion of the work, and plaintiff introduced testimony that Albin was indebted to it as alleged in the complaint. Thus the testimony on these disputed fact questions was in sharp conflict and it became the prerogative of the trial judge sitting without a jury to resolve the conflicts in the testimony and to determine which of the litigants had the better equities.[2] On those issues the trial judge found for plaintiff.

■ The scope of this court's review is a careful examination of the record to ascertain if the evidence as a whole fairly supports the findings and if these in turn support the conclusions of law and the judgment.[3]

While this court must search the record to ascertain whether any erroneous rules of law have been applied and act accordingly, it must consider the testimony in the light most favorable to the prevailing

---

[2]See, Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 300 N. W. 811; Hoverson v. Hoverson, 216 Minn. 237, 12 N. W. (2d) 497; Maust v. Maust, 222 Minn. 135, 23 N. W. (2d) 537; Olson v. Mullen, 244 Minn. 31, 68 N. W. (2d) 640; 1 Dunnell, Dig. (3 ed.) § 388, and cases cited.

[3]Exrieder v. O'Keefe, 143 Minn. 278, 173 N. W. 434; Bicanic v. J. C. Campbell Co. 220 Minn. 107, 19 N. W. (2d) 7; also see, Werner v. Miller, 248 Minn. 75, 78 N. W. (2d) 63; Freyberg v. London & Scottish Assur. Corp. 246 Minn. 417, 75 N. W. (2d) 203; Cyrus v. Cyrus, 242 Minn. 180, 64 N. W. (2d) 538, 45 A. L. R. (2d) 1002; Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176; Rebne v. Rebne, 216 Minn. 379, 13 N. W. (2d) 18; In re Estate of Christ, 166 Minn. 374, 208 N. W. 22.

party. Here we are governed by the rule that when an action is tried by a court without a jury its findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly contrary to the evidence. Such rule applies whether the appeal is from a judgment or from an order granting or denying a new trial.[4]

The adoption of Rule 52.01 of Rules of Civil Procedure has made no change in the method of review of findings of fact. As we view it defendant has failed to sustain the burden of showing that the evidence as a whole does not reasonably tend to sustain the trial court's findings. Since the appeal is from the judgment and there has been no motion for a new trial, we feel bound to conclude that there is ample evidence herein to support the findings which in turn support the conclusions of law and the judgment.

Affirmed.

---

[4]Bolduc v. New York Fire Ins. Co. 244 Minn. 192, 69 N. W. (2d) 660; Prince v. Sonnesyn, 222 Minn. 528, 25 N. W. (2d) 468; Nielsen v. City of St. Paul, 252 Minn. 12, 88 N. W. (2d) 853; Antell v. Pearl Assur. Co. Ltd. 252 Minn. 118, 89 N. W. (2d) 726; State v. Adams, 251 Minn. 521, 89 N. W. (2d) 661; State v. Bentley, 245 Minn. 334, 71 N. W. (2d) 780; Alsdorf v. Svoboda, 239 Minn. 1, 57 N. W. (2d) 824; Marquardt v. Stark, 239 Minn. 107, 58 N. W. (2d) 273; 1 Dunnell, Dig. (3 ed.) § 411, and cases cited.