## CITY OF LITCHFIELD v. TOWNSHIP OF PAYNESVILLE AND OTHERS.

103 N. W. (2d) 402.

June 3, 1960—No. 37,934.

*Burns & Burns* and *Erickson, Popham & Haik,* for appellant.

*LeRoy A. Gayner,* for respondent city of Litchfield.

*Charles A. Swenson,* for respondent village of Atwater.

*V. W. Lundquist,* County Attorney, for respondent county of Kandiyohi.

*Nobel Shadduck,* for respondent village of Kimball.

NELSON, JUSTICE.

This proceeding was instituted by the city of Litchfield in Meeker County to determine the settlement of Florence Kinlund, a poor person, within the provisions of M. S. A. c. 261. The township of Paynesville in Stearns County, city of Willmar, Kandiyohi County, village of Atwater, and village of Kimball are defendants. Findings were entered determining the township of Paynesville to be the settlement for poor-relief purposes of Florence Kinlund and dismissing the proceedings as to Atwater, Kimball, and Willmar. The township of Paynesville moved for a new trial which was denied and it appeals from the order of the court and the judgment entered.

Section 261.07, subds. 1 and 5, provide:

Subd. 1. "Every person except those hereinafter mentioned, who has resided two years continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city, or village therein in which he has longest resided within two years. Every person who has resided two years continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such two years, if it has the county system; if it has the town system, his settlement shall be in the town, city, or village therein in which he has longest resided within two years."

Subd. 5. "A settlement in this state shall be terminated and lost by:

"(1) Acquiring a new one in another state;

"(2) Voluntary and uninterrupted absence from this state for a period of one year with intent to abandon his residence in the state. The time during which a person has been committed to a public institution or hospital in a foreign state shall be excluded in determining the period of absence from the state. Such commitment shall not constitute an interruption of absence from the state."

The record discloses that Clarence and Florence Kinlund were husband and wife. Clarence was a painter and at times did some farming. They came to Litchfield, Minnesota, from Kansas about November 20, 1947. They resided there until August 23, 1949, when they left for California, later returning to Minnesota and locating in Willmar, where they resided from September 12, 1949, to July 12, 1951. They moved from Willmar to the township of Paynesville about July 15, 1951, residing in that township at least until September 17, 1952, and possibly until October 14, 1952. They then went to California. On September 17, 1952, Clarence Kinlund made application to Stearns County for old age assistance. Monthly payments commenced January 1, 1953, and continued until his death occurred on March 29, 1954. Having returned from California, Clarence Kinlund and his wife resided in Kimball for a period of 2 months between January 1, 1953, and March 29, 1954. After the death of her husband, Florence Kinlund moved to Atwater on April 1, 1954, where she resided approximately 3 years. She received direct relief each month from June 30, 1954, through January 1958, except for the months of April and May 1954. She is presently residing in Litchfield and has received direct relief from that city from February 1, 1958, through November 1958.

The court found that Florence Kinlund was a pauper and that she had resided continuously in the State of Minnesota for 11 years. By excluding the time when she was receiving direct relief and the time when her husband was receiving old age assistance, the court found that she had never resided in any one county in Minnesota for a full period of 2 years. The court finally found that within the 2 years immediately preceding the receipt of relief on June 30, 1954, (excluding therefrom the months when her husband received old age assistance) she has resided the longest in the township of Paynesville, Stearns

County, and that her settlement for poor-relief purposes is in said township.

■ It is not disputed that § 261.07, subd. 1, is applicable and that there had to be a residence for 2 years continuously. The contentions of the appellant are that the trial court's application of the law to the facts cannot be sustained upon the record. Appellant's principal contention is that the settlement of Florence Kinlund under the provisions of c. 261 is either Litchfield or Willmar and not in the township of Paynesville. The record indicates that poor relief in Stearns County, including the township of Paynesville, is administered under the town system. The city of Litchfield administers poor relief under the town system, and the County of Kandiyohi, including the village of Atwater and the city of Willmar, now administers poor relief under the county system.

It is admitted that Florence Kinlund is entitled to aid; the issue is which of the parties to this proceeding will be required to furnish such aid.

It is clear that the time during which poor relief was administered is excluded from consideration in determining her settlement for poor-relief purposes. This means that her settlement is determined by where she resided during the period from November 20, 1947, at least to September 17, 1952, if not later, depending upon the application of the provisions of § 261.07.

In City of Detroit Lakes v. Village of Litchfield, 200 Minn. 349, 274 N. W. 236, the court held that to gain a settlement in this state there must be a residence for 1 year continuously (the statute at that time provided for a 1-year period of residence); that two periods, each less than 1 year and separated by a residence of several months in another state, did not suffice to establish a settlement in this state; that as between two political subdivisions the settlement of one who has resided 1 year continuously in the state but not 1 year continuously in any one county is to be fixed at the place where the person seeking poor relief has resided longest during the year preceding his request for aid.

■ It was held in In re Settlement of Venteicher, 202 Minn. 331, 278 N. W. 581, that, where a person removes from a county which

administers poor relief under the township system and in which he has a settlement, his settlement continues in the township in which it was at the time of his departure until he has acquired a new settlement, the required period being 1 year at that time. It was held that the period determinative of settlement is the year next preceding the application for relief. But it was also stated that, if aid is given in the same month in which application for relief is made, the year contemplated by the statute is the year ending the last day of the month immediately preceding.

■ It was ruled by the attorney general in Opinion Attorney General, No. 339-0-5, August 4, 1950, that:

"On the point of excluding time during which he has received relief, it is my opinion that we must disregard the time when he made his application. It is the time that he received the relief that is important. He might apply many times and receive nothing. His applications would not exclude anything. It is the receipt of the relief which operates to exclude the period during which relief was received."

It was ruled in Opinion Attorney General, No. 339-0-4, May 22, 1959, that a person has not actually received relief until he has cashed or used the relief order tendered to him, and thus settlement was not affected by period during which relief orders were received but not used.[1]

According to the rulings of the attorney general, January 1, 1953, would constitute the commencement date here for the period during which relief was received by Clarence Kinlund. This ruling of the attorney general finds support in the conclusions reached in the Venteicher case that, if aid is given in the same month in which application for relief is made, the year contemplated by the statute is the year ending the last day of the month immediately preceding. The 2 years contemplated in the instant case under the present statute would therefore be

---

[1]In Opinion Attorney General, No. 339-0-2, December 3, 1958, it was ruled that where husband had settlement for poor-relief purposes in one county, but at the time of marriage lived in another county, and his wife had lived and continued to live within that county, wife's settlement was the county of husband's settlement and settlement was not lost by divorce.

the period ending the last day of the month immediately preceding the first relief payment to Clarence Kinlund, which occurred on or immediately after January 1, 1953.

The appellant contends that the court erred in allowing Florence Kinlund to testify from a writing which it claims was made by another person and long after the witness had any independent recollection of the incidents enumerated therein. From the record it appears that no writing was referred to in her first direct examination while she was testifying as to the dates when she first arrived at Litchfield in 1947 and as to the period up to and including September 20, 1952. It was noted that toward the end of her testimony on direct she appeared to be using a paper to refresh her memory, and upon this being noted, two counsel for defendants suggested that they ought to be furnished with a copy. Counsel for plaintiff then offered to introduce the writing. It was shown to the other counsel and copies were thereafter made, but the court ruled that it was inadmissible as evidence on the ground that it was self-serving. No motion was made to strike the preceding testimony.

In fixing the date when the Kinlunds arrived at Litchfield in November 1947 as being about November 20 of that year, Florence Kinlund stated that she remembered that it was in the year 1947 that they came from Kansas and that she remembered that it was either a week or 2 weeks before Thanksgiving. Regarding her testimony as to when they left Litchfield in 1949, she stated that it was her sister's birthday; that she gave her a present; and that that occurred on August 23, 1949. On cross-examination she was at times asked to look at the paper and at other times to put it away, this cross-examination covering some 25 pages. The following testimony, taken from the cross-examination, will indicate that the court had closely limited the use of the writing to refreshing the witness' memory:

"Mr. Gayner: Will you look at your slip and read it from that, for your recollection?

"Mr. Burns: Just a minute, may it please the Court, I'll object to her reading from something.

"The Court: This is cross examination now and counsel has a right to interrogate her without reference to the slips.

"Mr. Burns: Let the record show that she's been reading from the slip all along here.

"The Court: Counsel, that is not correct. If you refer to all of the testimony the record cannot show that. She has at times been referring to the slip.

"Mr. Burns: All right, we'll take it the Court's way, I think that is correct.

"The Court: Now, you put that slip away, because the attorney wants to ask you some questions without reference to looking at your slip.

"By Mr. Burns:

"Q. You got down to Paynesville, according to your testimony here, in July of 1951?

"A. Yes."

As to use of memoranda to refresh memory, see 20 Dunnell, Dig. (3 ed.) § 10328.

This court held in Ostrowski v. Mockridge, 242 Minn. 265, 274, 65 N. W. (2d) 185, 191, 47 A. L. R. (2d) 733, that:

"* * * The rule applicable is set forth in Ammon v. Illinois Cent. R. Co. 120 Minn. 438, 442, 139 N. W. 819, 820:

" '* * * It is not essential that a memorandum used by a witness should be a book of original entry, or that it should have been made by the witness, if he saw it while the facts were fresh in his mind and can verify its correctness.' "

It was further stated in the Ostrowski case that a trial court has wide discretion in permitting use of memoranda and in the references that may be made thereto, citing Dix v. Harris Machinery Co. 240 Minn. 218, 230, 60 N. W. (2d) 628, 635, and quoting the following therefrom:

"A reasonable discretion is allowed trial courts in the application of the best-evidence rule. The rule is not inflexible and must be applied with due regard to all circumstances. Mattson v. M. & N. W. R. Co. 98 Minn. 296, 108 N. W. 517."

The trial court in the instant case in its memorandum attached to its order denying a new trial said:

"If the case had to be decided solely on the testimony of Florence Kinlund it would be an almost impossible task. She appeared to be old beyond her years and certainly a person of low intelligence. However, there is sufficient credible evidence entirely independent of her testimony which establishes the facts found."

In view of the record as a whole and the wide discretion allowed the trial court in permitting use of memoranda, we see no prejudicial error in the instant case. The trial court appeared to be fully conversant with the background of the memorandum and how it came to be used and applied limitations upon its use accordingly.

Another evidentiary point raised by appellant is that the trial court erred in excluding the official records of the Stearns County Welfare Board. It appears that plaintiff called as a witness Mr. L. H. Dahm, the executive secretary of the board, who brought with him the records relative to Clarence Kinlund's application for old age assistance. Mr. Dahm stated that he had such a record consisting of a case file covering the details of that application; that the application was signed September 17, 1952; and that Clarence Kinlund did receive old age assistance pursuant to that application made while residing in the township of Paynesville commencing January 1, 1953, and continuing until his death in March 1954. He was cross-examined by counsel for the County of Kandiyohi, and during that cross-examination such records were offered in evidence by plaintiff. The proceedings were as follows:

"Mr. Gayner: Plaintiff offers in evidence Plaintiff's Exhibit D, which is the record of the Stearns County Welfare Board of the application of Clarence Kinlund for old age assistance, and proceedings thereunder.

"Mr. Burns [counsel for township of Paynesville]: I don't have any objection.

"Mr. Lundquist [counsel for County of Kandiyohi]: I have none.

"Mr. Swenson [counsel for village of Atwater]: No objection.

"Mr. Shadduck [counsel for village of Kimball]: * * * this all refers to events that transpired since, and it's just a bunch of hearsay information that is gathered together, and doesn't apply to this time.

"The Court: What is the purpose of the offer, Mr. Gayner?

"Mr. Gayner: *Merely for the purpose of showing his receiving old age assistance, that's all.*

"The Court: Well, that has been covered by the record, and counsel apparently are not questioning it.

\* \* \* \* \*

"The Court: Counsel, maybe you didn't understand the Court. The Court commented that the matter, for the purpose of which it is being offered, is covered by the testimony of this witness, and as the Court understands it there is no dispute here about the facts of the application, when it was made and the fact that the money was paid for those months, and if there is no other purpose of the exhibit then there is no need of having the exhibit in evidence.

"Mr. Burns: On behalf of the Township of Paynesville it states that his residence prior to July of 1951 was where?

"The Witness: Prior to 1951? \* \* \*

"Mr. Lundquist: Now, just a minute, Mr. Dahm. I suppose for the sake of the record, if we're going to get into something quite far afield I think then this ought to be objected to at this time on the grounds that this witness knows nothing as to residence. He is merely reading it from a file. He never knew the individual personally. For those reasons I think it's hearsay and incompetent at this time.

"The Court: It would seem that what is contained in the file or in the application, the statement made by the deceased recipient, would be hearsay. The objection is sustained.

"Mr. Burns: May an exception be noted?

"The Court: The record may so show.

"Mr. Burns: No further questions on the part of the Township of Paynesville." (Italics supplied.)

Counsel made no further effort to have the exhibit placed in evidence. It seems obvious that had it contained any data of additional value to the plaintiff than what was obtained from the testimony of Mr. Dahm, it would have made it known; and if the record had contained anything detrimental to the plaintiff, its counsel would not have made the offer that he did. The trial court undoubtedly made itself familiar with the contents of the record and ruled as it did accordingly. The only witness called on direct in behalf of appellant was William Zimmerman. The appellant was not foreclosed from calling Mr. Dahm as a witness

on direct, and offering such part of the welfare board records as it considered important and admissible as evidence, but this it did not do. We are unable to find anything in the record which would indicate that the court committed prejudicial error in its ruling.

■ The court's memorandum attached to its findings states in part:

"Applying the rule of the Detroit Lakes case [*supra*] to the present case leads to the conclusion that Paynesville Township is the place of settlement. Old age assistance was furnished to the husband of the present pauper commencing January 1, 1953. The two-year period determinative of settlement would be the two years immediately preceding that date. From July 15, 1951 to September 17, 1952 is 14 months and 2 days. During the other ten months of the two-year period they resided in Willmar. The greater part of the two-year period is chargeable to Paynesville Township and therefore becomes the place of settlement of the pauper. If the computation is made on exact days instead of months the number of days in Paynesville Township during the two-year period is 429, with 61 days of residence in Atwater and 240 days in the City of Willmar, making a total residence of 301 days in Kandiyohi County."

This statement clearly indicates that the trial court found sufficient credible evidence entirely independent of the testimony of Florence Kinlund to support its findings.

Since the testimony on the fact questions herein was in sharp conflict, it became the prerogative of the trial court sitting without a jury to resolve the conflicts. On those issues the trial judge found in favor of the plaintiff and against the township of Paynesville, dismissing the proceedings as to the other defendants.

In G. C. Kohlmier, Inc. v. Albin, 257 Minn. 436, 442, 101 N. W. (2d) 909, 914, we said that:

"The scope of this court's review is a careful examination of the record to ascertain if the evidence as a whole fairly supports the findings and if these in turn support the conclusions of law and the judgment.

"While this court must search the record to ascertain whether any erroneous rules of law have been applied and act accordingly, it must consider the testimony in the light most favorable to the prevailing

party. Here we are governed by the rule that when an action is tried by a court without a jury its findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly [and palpably] contrary to the evidence. Such rule applies whether the appeal is from a judgment or from an order granting or denying a new trial."

As we view it, any computation of the period of residence at Litchfield does not total up to a full period of 2 years. If we take November 20, 1947, as the beginning date of the residence at Litchfield of Florence Kinlund and her husband and continue to August 23, 1949, when they left Litchfield, the period of residence in Litchfield would be 1 year, 9 months, and 3 days, which is 2 months and 27 days short of 2 years.

Other assignments of error urged by appellant have been fully considered. They do not require discussion. The findings of the trial court have ample support in the record; these in turn justify the conclusions of law and the order for judgment.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.